## LAWRENCE et al. *v.* ROBINSON et al.

1. An agreement to engage in the business of prospecting for and the development of lode mining property, for the joint use of all, is in the nature of a partnership agreement, and under such an agreement each party thereto becomes the agent of the other.

2. Where no time of duration is limited by such agreement, it is determinable, under equitable restrictions, at pleasure, but such determination cannot operate to defeat rights accrued under it while it was in force.

*Appeal from District Court of Custer County.*

LAWRENCE and Hilburn, the appellants, commenced an action against Robinson and others, the appellees, in the district court of Custer county. The complaint was as follows:

That on or about the 1st day of July, 1878, the said plaintiffs, and the said William J. Robinson and Matthew J. Junkin, were citizens of the United States, residing in said county of Custer, State of Colorado. That on said day these plaintiffs and the said defendants, Robinson and Mathew J. Junkin, made and entered into a contract in and by which it was then and there mutually agreed by and between them, the said parties, plaintiff and defendant last named, that they would each and all engage in the business of prospecting for, and development of lode mining property in Hardscrabble mining district, Colorado. That each and all of the said parties should give his time and attention to said business, and should furnish his work and labor for the purposes of said business. That each of them should furnish equal shares and proportions of all moneys and materials and labor necessary for the purposes of said business of discovery and development, and that each of the said parties should also furnish his proportionate share of the tools and implements necessary and proper for the said work. That any and all mining property discovered or developed by them, or by any one or more of them, should be held by them, and each of them, and all of them, as tenants in common, and each having and holding an un-

divided one-fourth interest. That any mining property so struck, discovered or developed in said district, when developed by them, or either of them, sufficiently to be recorded, should be recorded in the names of all the said parties to said agreement, and for their mutual use and benefit as aforesaid. And that all mining property discovered, developed, located or recorded by them, or either of them, in said district, should be the property in common of the said parties thereto, and should be held by them, as the sole and only owners thereof.

That under and in pursuance of said agreement, the said parties thereto did, and after the said 1st day of July, 1878, enter upon the said business of prospecting for, and discovery and development of mining property in the said Hardscrabble mining district, and that in pursuance of such business they did discover and develop, and cause to be surveyed and recorded, in the records of Custer county, certain lode mining property hereinafter described. That the said plaintiffs also, in pursuance of said contract, gave their time and attention to the said business, and bestowed thereon their work and labor, and also furnished their proportionate share of all money, materials, and tools, and provisions necessary for carrying on the said business, as well for discovery and development as for the location and record of said property, and have from said 1st day of July, 1878, up to the present time of filing this complaint, been at all times anxious and ready and willing to carry out and abide by such contract in all respects, and to discover and develop mining property, and cause the same to be located and recorded for the joint use and benefit of all of the parties to said contract.

That in pursuance of such agreement, and in carrying on the said business, the said plaintiffs and the said defendants, Robinson and Mathew J. Junkin, did on the 1st day of July, A. D. 1878, locate in said mining district, a lode, known and called the Victor ledge, or lode; and on the 2d day of July they also located and since caused to

be recorded, a lode, or ledge, in said mining district, known and called the Calumet lode, or ledge, which said locations were made in the name of all the said parties, and in pursuance of the agreement above set forth.

That on the 16th day of August, A. D. 1878, one of said parties, to wit: John W. Lawrence, having made a discovery, and commenced to work therein, located two mining claims in said mining district, by setting up a stake with his name written thereon, which said claims are not yet located in form, but are still claimed by the said Lawrence; and that said claims were prospected for and found by him while he was at work under the said agreement; and that he holds the same for the sole use and benefit of all of said parties to said agreement; and that he is ready and willing, and always intended to cause the same to be fully and completely located and recorded in the names of all the parties to the said agreement, and for their sole use and benefit, in accordance with the tenor and effect of said agreement.

That on the 19th day of August, A. D. 1878, the said Edward A. Hilburn discovered a lode in said Hardscrabble mining district, and erected thereon a discovery stake, with the names of all the parties to said agreement thereon, and the name of the lode, to wit: the Spar lode, or ledge, and the date of discovery thereon. That said lode, ledge, or deposit, was prospected for, discovered and staked under and in pursuance of the said agreement above set forth, and for the use and benefit thereto, as shown by the certificate of location on record.

That on the 19th day of August, A. D. 1878, the said William J. Robinson discovered a lode in said district, and erected thereon a discovery stake, with the names of the said parties to said agreement thereon, and the name of the lode, to wit: the No. Five lode. That on the 21st day of August, A. D. 1878, these plaintiffs also discovered another lode in said district, and erected thereon a discovery stake with the names of all the said parties to said agreement, and the name of the lode, to wit: the Whetstone lode, and the

date of the discovery written thereon. That said lodes were prospected for, discovered and located, and recorded, under and in pursuance of the said agreement above set forth, and for the use and benefit of the said parties thereto, as shown by the certificate of location on record. That on the 30th day of August, A. D. 1878, the said defendant, William J. Robinson, discovered a lode, and erected a discovery stake thereon, which stake had the names of all the parties to said agreement, the name of the lode, to wit: the Iron Mine lode, and date of discovery written thereon, which said discovery and staking was also done for the use and benefit of the said parties to said agreement, and in pursuance thereof. That on the 30th day of August, A. D. 1878, the plaintiff, Edwin A. Hilburn, discovered a lode in said district, and erected a discovery stake thereon, with names of the said parties to said agreement, and the name of the lode thereon, to wit: the No. Nine lode, and the date of discovery written thereon. That afterward, to wit: on the 16th day of October, A. D. 1878, the certificate of location of said lode was duly recorded in the names of the parties to said agreement above mentioned, and in pursuance thereof, as shown by said certificate of location on record in the office of the county clerk and recorder for Custer county, Colorado.

That while said agreement was in force, and on the 2d day of September, A. D. 1878, the said defendants, William J. Robinson and Mathew J. Junkin, discovered and located a certain lode, ledge, or deposit, in said mining district, called the Plata Verde lode, and caused the certificate of location thereof to be recorded in the office of the recorder of deeds of Custer county, on the 11th day of September, 1878, which certificate is in words and figures following, to wit: ·

STATE OF COLORADO,     }
  *County of Custer.*   }

The Plata Verde lode, or ledge, located by William J.

Robinson and Mathew J. Junkin, on the 2d day of September, A. D. 1878, claim 1,500 feet horizontal lineal measurement, 500 feet on the S., 70° 30′ W., true (var. 14° E.) side, and 1,000 feet on the N., 70° 30′ E., true (var. 14° E.) side of discovery shaft, and 150 feet on the N. side of center line ; said Plata Verde claim is marked and described by a substantial stake at each of the four corners, and also a stake at the center of each side line ; situate in Hardscrabble mining district, Custer county, State of Colorado.  The discovery shaft of said claim is situated south 79° 40′ E., true (var. 14° E.) distance, 1,160 feet from the section corner for sections 9, 10, 15 and 16, of township 22 south, range 72 west, and in said Plata Verde ledge, deposit of mineral bearing rock in place, or lode claim, located in the north-west ¼ of section 15, of township and range aforesaid, and in the south-west ¼ of section 10 of same township and range, and are the surface boundaries of above-named lode claim, more fully and clearly described in the field notes of the surveyor accompanying and made a part of this certificate, with var. 14° E., run from center of discovery shaft south 70° 30′ W., true 500 to the north-east of center line ; thence south 19° 30′ E., 150, to south corner ; thence north 70° 30′ E., 750, to the S. S. L. C. stake ; thence north 70° 30′ E., 750, to east corner ; thence north 19° 30′ W., 300, to north corner ; thence south 70° 30′ W., 750, to N. S. L. stake ; thence south 70° 30′ W., to west corner ; thence south 19° 30′ E., 150, to west end of center line, or point of commencement of surface boundary survey.  The individual interest of the several locators is as follows, to wit :  William J. Robinson, one-half, Mathew J. Junkin, one-half.

Survey made September 10, 1878, by Carl Wulstein, U. S. mineral land surveyor.

That the greater part of the ground now covered by the said Plata Verde lode had before that time been partially appropriated and designated as the property of the said Hilburn, Lawrence, Robinson and Mathew J. Junkin, by all the said last-mentioned parties who, on the 11th day of

July, 1878, discovered mineral therein, and thereupon erected a stake at the point where such discovery was made, with the following inscription thereon :

"*July* 11*th*, 1878.

### THE CLIFF LODE OR DEPOSIT.

We, the undersigned, claim 1,500 feet of this claim, (1480 feet) fourteen hundred and eighty feet north of west, and (20) twenty feet south of east, Hardscrabble mining district, Custer county.

|  |  |
|---|---|
| E. A. HILBURN, | W. J. PALMER, |
| J. W. LAWRENCE, | M. J. JUNKIN." |

That such digging and staking was done for the use and benefit of the said parties on said stake named, by virtue of the agreement above mentioned, and the said stake was erected to give notice of the rights of the parties ; and the said plaintiffs had always intended to go on and complete the development of the said property, and procure the same to be properly recorded. But the said defendants herein afterward, to wit : on the 2d day of September, 1878, by changing the apparent direction of the said lode, or ledge, and by changing discovery at another place, have located nearly the entire claim that was intended to be covered by the said Cliff lode, and are now claiming the same, and plaintiffs aver that the location of the Plata Verde is on the same lode, ledge, or deposit, and principally on the same ground covered by the said Cliff lode.

That while said agreement was in force, and on the 6th day of September, 1878, said Robinson and Mathew J. Junkin discovered, developed and located, in the names of all the parties to the said agreement, and for their use and benefit, a claim known and called the Mino Rico lode, ledge or deposit, and caused the same to be recorded in the office of the recorder of deeds of said Custer county, which certificate of location was in words and figures following, to wit :

STATE OF COLORADO, }
  *County of Custer.* }

The Mino Rico ledge, or lode, located by William J. Robinson, Mathew J. Junkin, John W. Lawrence, Edward A. Hilburn, Frank W. Junkin, on the 6th day of September, A. D. 1878, claim 1,500 feet, horizontal lineal measure, 500 feet on the S., 70° 30′ W., true (var. 14° E.) side, and 1,000 feet on the N. 70° 30′ E., true (var. 14° E.) side of discovery shaft, and 77 feet on the south side of center line, and 150 feet on the north side of center line. Said Mino Rico claim is marked and described by a substantial stake at each of the four corners, and also a stake at the center of each side line; is situate in Hardscrabble mining district, Custer county, State of Colorado. The discovery shaft of said claim is situated north 89° 20′ east, true (var. 14° E.) distance 1,060 feet from the section corner for sections 9, 10, 15 and 16, of township 22 S., range 72° W., and is said Mino Rico ledge, deposit of mineral bearing rock in place, · or lode claim, located in the south-west ¼ of section 10, and in the north-west ¼ of section 15, of township and range aforesaid, and are the surface boundaries of above-named lode claim, more fully and clearly described in the field notes of the surveyor accompanying and made part of this certificate, with (var. 14° E.) run from center of discovery shaft S. 70° 30′ W., true, 500, to the N. E. of center line; thence S. 19° 30′ E., 77, to the south corner, being also the west corner of the Plata Verde ledge claim; thence along the north side line of the Plata Verde ledge claim N. 70° 30′, 750, to the S. S. L. C. stake; thence N. 70° 30′, 750, to the east corner; thence N. 19° 30′ W., 227, to the N. corner; thence S. 70° 30′ W., 750, to the N. S. L. C. stake; thence S. 70° 30′ W., 750, to the west corner; thence S. 19° 30′ E., 150 to the west end of the center line, or point of commencement of surface boundary survey. The individual interest of the several locators is as follows, to wit: William J. Robinson, one-fifth; Mathew J. Junkin, one-fifth; John W. Lawrence, one-fifth; Edward A. Hilburn, one-fifth; Frank W. Jun-

kin, one-fifth.    Survey made September 10, 1878, by Carl Wulstein, U. S. mineral land surveyor.

These plaintiffs aver that the said Frank W. Junkin had not, at the time of the making of the said record, any right to any share whatever in said claim, to the knowledge of these plaintiffs, and that if he has any right to share in any part or portion of said Mino Rico lode, it exists only by virtue of some agreement made with the said defendants, or one of them, and not with either of these plaintiffs, nor was any contract made with their consent; and that the said apportionment of one-fifth to each of said parties named therein, as set forth in said certificate, is erroneous, and was not made with knowledge of plaintiffs or by their consent. These plaintiffs further aver that all of the said above-mentioned lodes are all located upon the public lands of the mineral region belonging to the United States, and was at the time of location unoccupied.    That ever since the recording of said Plata Verde lode, the said Robinson and Mathew J. Junkin, as these plaintiffs are informed and believe, have claimed, and are now claiming that these plaintiffs are not entitled to any interest in or to any part or portion of the said Plata Verde lode, and deny that the plaintiffs have any interest therein by virtue of said agreement, or by virtue of the location of the said lode, or by virtue of the staking of said Cliff lode above mentioned. That on the 22d day of October, 1878, at said Custer county, these plaintiffs presented to said Robinson and Mathew J. Junkin, deeds of quit-claim of the interest as it appears of record, to an undivided two-fourths of said Plata Verde lode, which said deeds were from the said Robinson and Mathew J. Junkin to these plaintiffs, and requested the said parties last mentioned to sign the same; and that at the same time they also presented and offered to deliver to the said Robinson and Mathew J. Junkin, deeds of quit-claim executed by these plaintiffs to the said Robinson and Mathew J. Junkin, of an undivided two-fourths of all lodes discovered, developed, located, or recorded by them, or

either of them, in said Hardscrabble mining district since the 1st day of July, 1878; and that on the 22d day of October, 1878, these plaintiffs also demanded a deed, and presented to the said Robinson and Mathew J. Junkin and Frank W. Junkin.

These plaintiffs further allege that they are informed and believe that the said defendants are each claiming one-fifth interest in said Mino Rico lode, when in truth and fact they are entitled to but two-fourths of the lode; and the said Frank W. Junkin has conspired with the said Robinson and Matthew J. Junkin to cheat and defraud these plaintiffs of one-tenth of said Mino Rico lode.

That said Plata Verde and the said Mino Rico lodes are of great value for the silver mineral they contain. That the said defendants, Robinson and Matthew J. Junkin, are in possession of the said lodes, and are taking out of the said Plata Verde lode large quantities of rich and valuable silver bearing ore of great value. That they, the said defendants last named, not only deny plaintiff's rights, title and interest to said lodes, but also to their interest in and to the ore mined therefrom, and are now threatening to sell said ore, and the said Plata Verde lode, and that the plaintiffs believe they will sell the said lode, and ore mined and taken from the same, unless prevented by an order of this court. The plaintiffs therefore pray that they may have judgment herein against the said defendants. That the said lode mining property above described, as discovered, developed, located or recorded, by the plaintiffs and the said Robinson and Matthew J. Junkin, or either of them, in Hardscrabble mining district, Custer county, Colorado, since the 1st day of July, 1878, shall be adjudged to be the property of the said Hilburn, Robinson, Lawrence and Matthew J. Junkin, as tenants in common, the same as though the said lode property had been located and recorded in the names of all the said last-mentioned parties, and in accordance with the terms of the said contract. That the said Hilburn, Robinson, Lawrence and Matthew J. Junkin be adjudged and

decreed to make, execute, and deliver, each to the other, such deed or deeds as may be necessary to convey to each other, such undivided interest in any and all mining property, developed and discovered, located or recorded, in said Hardscrabble mining district, by any one or more of them, and not located and recorded in the names of all, as by virtue of said agreement they are entitled to hold. That the said defendants may also be decreed and adjudged to convey to the said plaintiffs herein a sufficient interest in the said Mino Rico lode, to make the interest of the said plaintiffs an undivided two-fourths, in accordance with their rights under said contract. That an accounting may be taken of the value of all ores taken out of said Plata Verde lode, or any other of said lodes above mentioned, and sold or converted to the use of the defendants, by said defendants, or either of them, and also an account of moneys paid out or expended by said parties to said agreement, since the 1st day of July, 1878, in and about the said business of prospecting for development and recording of lodes. And that the said parties may be decreed to pay each to the other such sums as shall be found due to the other, for, or on account of moneys paid or for moneys received for sale of ore, or otherwise, mined or taken from any lode property found to be the property of the said parties. That the said defendants be enjoined from carrying away or disposing of any ore mined or taken out of said lodes above mentioned, or from selling, bonding, or in anywise disposing of or incumbering more than two-fourths of said lodes, until the further order of court ; and that to secure this end, a temporary injunction may issue therefor out of this court. That some proper person may be appointed by this court, as a receiver, to take charge of any and all ores that may now be mined in said lode, or that has been taken out of said lodes above mentioned, with power to dispose of the same for the use and benefit of all of the parties to the said agreement above mentioned, and that the plaintiffs have judgment against said defendants for their costs expended herein, and

such other and further relief as may herein be meet and proper.

To this complaint a demurrer was interposed, the demurrer was sustained and the plaintiffs appealed.

Mr. W. H. Offenbacher, and Messrs. H. M. & W. Teller, for appellants.

Messrs. Wells, Smith & Macon, for appellees.

Elbert, J.  The bill alleges an agreement between the complainants and two of the defendants to "engage in the business of prospecting for and development of lode mining property," for the joint use and benefit of all.  Such an agreement is like a partnership and each party thereto becomes the agent of the other in prosecuting the joint adventure.  *Murley* v. *Ennis*, 2 Col. 300.

The allegations of the bill do not support the view taken by the court below.  The bill does not seek to enforce an agreement to enter into a partnership, but rights under an agreement in the nature of a partnership entered upon and acted under by the parties.  On the facts alleged, which the demurrer admits, the complainants were entitled, if not to all the relief prayed, to at least a specific performance as well as an account of profits wrongfully appropriated.  That no time was limited by the agreement during which it should continue in force left it, under equitable restrictions (1 Story's Eq. Jur., § 668), determinable at pleasure, but could not operate to defeat rights accrued in virtue of its covenants while it was in force.  That the property, touching which relief is sought, was acquired under the agreement, and while it was in force, is sufficiently alleged.  The court erred in sustaining the demurrer and dismissing the bill.

The decree of the court below is reversed and the cause remanded for further proceedings.

*Reversed.*