## Joliet Bottling. Company, Appellant, v. Joliet Citizens Brewing Company, Appellee.

### Gen. No. 5521.

CONTRACT—*when lacking in mutuality.* A contract by which delivery of beer is agreed to be made to meet the requirements of the vendee, quality of the beer to be satisfactory to the vendee, but otherwise silent as to quality, quantity and duration, is lacking in mutuality and is terminable at will.

Appeal from the Circuit Court of Will county; the HON. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

**Statement by the Court.** This is an action brought by the Joliet Bottling Company against the Joliet Citizens Brewing Company to recover damages for a failure and refusal to deliver beer to plaintiff under a certain contract. The amended declaration consists of one count and avers that the defendant, a corporation, was operating a brewery in the city of Joliet; that on August 1, 1905, the president of plaintiff and the president of defendant entered into an arrangement to organize a corporation for the purpose of bottling the beer of defendant; that thereafter the plaintiff, a corporation, was organized for the purpose of bottling and selling beer and that thereafter the following contract was entered into by the parties:

"MEMORANDUM OF AGREEMENT made this 23rd day of August, 1905, by and between the Joliet Citizens Brewing Company, a corporation of Illinois, and the Joliet Bottling Company, a corporation of Illinois, both of Joliet, Will County, Illinois.

"Witnesseth, that, for and in consideration of the sum of One ($1) Dollar, receipt whereof is hereby acknowledged and in further consideration of the prem-

ises hereinafter set forth, the Joliet Citizens Brewing Company, hereinafter called the Brewing Company, agrees to brew for the Joliet Bottling Company, hereinafter called the Bottling Company, two special brews of beer, especially adapted for bottling purposes, to guarantee them as to quality, and to deliver the same to the said Bottling Company at their works at the prices of Six Dollars and Thirty-Five Cents ($6.35) a barrel for the first and Five Dollars and Twenty Cents ($5.20) a barrel for the second quality. The said Brewing Company agrees to deliver said beer to said Bottling Company in sufficient quantities to supply the said Bottling Company's demand for either or both kinds, and agrees not to bottle, nor cause to be bottled nor to furnish to any person, firm or corporation, beer of any quality for bottling so long as the Bottling Company is bottling the beer of said Brewing Company. Said Brewing Company agrees that if at any time it shall appear that a discount from the above terms for cash can be made to the Bottling Company, it, the said Brewing Company will give said discount. Said Brewing Company further agrees to furnish to said Bottling Company during the first three months of its operation such advertising novelties, not to exceed in value the sum of Five Hundred Dollars, as the trade may demand or warrant and thereafter, if the trade shall warrant, to furnish other and further advertising novelties to said Bottling Company as may be agreed upon.

"IN CONSIDERATION OF THE ABOVE, said Bottling Company agrees to bottle the beer of said Brewing Company as aforesaid, and to pay the prices as aforesaid, so long as said Brewing Company shall continue to furnish to said Bottling Company beers of satisfactory quality, as aforesaid, in such quantities as the trade shall demand, and to market the same as the product of' said Brewing Company. Said Bottling Company further agrees to pay for such beer according to the terms hereinbefore set forth, and to make all settlements therefor with said Brewing Company as follows: Upon the fifth of each month for all beer delivered by said Brewing Company to said Bottling Company from the

sixteenth to the last of the preceding month; upon the twentieth of each month for all beer, as aforesaid, from the first to the sixteenth of the same month.

"This agreement is made in pursuance of a memorandum entered into and signed by the parties hereto in the persons of W. O. Bates and Mike Kahn, upon August 14, 1905, at Joliet, Illinois.

"Witnesseth the hands and corporate seals of the parties hereto the day and year above written in duplicate."

That in pursuance of said contract plaintiff with the advice of officers of defendant leased certain premises and incurred an obligation of $5000 for rent and erected and set up machinery at an expense of $40,000 for the purpose of bottling beer; that in December, 1905, plaintiff commenced to bottle and sell the beers of defendant and continued so to do until October 10, 1906, at which time it had a large number of orders for beer of defendant bottled by plaintiff; that during said time the beer furnished by defendant was not of the required quality, and that plaintiff with the consent of defendant secured beer from other sources and bottled and sold it as the beer of the defendant; that upon eight different occasions the statements of account of defendant were not submitted to plaintiff until after the settlement day had passed and defendant accepted amounts on account less than the amounts due and continued to supply beer to plaintiff for bottling; that plaintiff is not and was not at the commencement of this suit indebted to defendant and plaintiff had in all other respects complied with the terms of the contract; that on September 23, 1906, defendant wrongfully and without proper cause terminated the said contract with plaintiff, whereby the plant of plaintiff was rendered useless and plaintiff lost and was deprived of a large sum, etc. The defendant filed a general demurrer which was sustained, and judgment rendered that defendant go hence without day. The plaintiff appeals from that judgment.

GARNSEY, WOOD & LENNON and COLL MCNAUGHTON, for appellant.

EDDY, HALEY & WETTEN and JOHN J. WELLNITZ, for appellee; CHARLES H. PEGLER, of counsel.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

The only question to be determined is, whether the contract for the breach of which this suit was brought is one upon which appellant is entitled to maintain a suit for damages against appellee because appellee concluded not to deliver any beer under it, after appellee had delivered beer under it for several months. Appellee contends that the contract is void for want of mutuality, and that since it is silent as to duration, either party had the right to terminate it at any time.

The contract contains no limitation as to the time of its duration. It is uncertain as to the quantity of the goods to be delivered. The appellee agrees to deliver a sufficient quantity to supply the appellant's demand, and neither to bottle nor to furnish any beer of any quality for bottling to any other person or corporation while appellant is bottling the beer of appellee. The only agreement as to quality and quantity is, that appellee shall furnish beer of satisfactory quality in such quantities as the trade shall demand. If the contract had fixed any quantity as to the amount to be delivered, then the law would require it to be delivered in a reasonable time provided there was no direction as to time.

When a contract for the sale of personal property fixes neither quantity nor time, the contract is terminable at will and cannot be enforced for indefiniteness. Davis v. Fidelity Fire Ins. Co., 208 Ill. 375; Vogel v. Pekoc, 157 Ill. 339; Irish v. Dean, 39 Wis. 562; Baldwin v. K. C. M. & B. Ry. Co., 111 Ala. 515; C. R. & C. R. Co. v. C. N. O. & T. P. Ry. Co., 44 Fed. R. 456; Blais-

dell v. Lewis, 32 Me. 515; Cumberland Bone Co. v. Atwood Lead Co., 63 Me. 167; Laurence v. Robinson, 4 Colo. 567; Butler v. Smith, 35 Miss. 457.

The quality of the beer was to be satisfactory to appellant for bottling purposes. The only measure of quality fixed by the contract is that it shall be satisfactory to appellant. Whenever appellant chose to say it was dissatisfied it might refuse to accept the goods furnished. Neither a minimum nor a maximum quantity is fixed by the contract. Appellant might require a few barrels or a large quantity. The amount to be delivered is dependent on appellant's wants and its wants are dependent on its efforts to sell the goods. Appellee is required to hold itself prepared to furnish the uncertain amount required by appellant whether it be large or small. The quantity to be furnished is dependent solely on the wishes and the success of appellant in marketing the goods without appellee having any information from the contract, or voice in the matter. The contract apears to be lacking in mutuality. Vogel v. Pekoc, 157 Ill. 339; Higbie v. Rust, 211 Ill. 333. The contract was terminable at any time at the will of either party and there was no error in sustaining the demurrer. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE DIBELL took no part in the decision of this case in this court.