# No. 12,182.

## BRAGDON *v.* HEXTER.

Decided November 12, 1929.   Rehearing denied December 9, 1929.

Messrs. Chinn & Strickler, for plaintiff in error.

Mr. T. C. Turner, Messrs. Cunningham & Foard, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Personal injury action by Mrs. Lena Hexter against Samuel Bragdon to recover damages for the injury she sustained as the result of defendant Bragdon's driving his car against her while he was driving north on Nevada avenue, and she was walking east in Cache la Poudre street, in the city of Colorado Springs; the streets intersecting at a right angle. The verdict of the jury for the plaintiff was approved by the district court and its judgment thereon for plaintiff is here for review. There are three general assignments of error thus grouped by the defendant: (1) The evidence is insufficient to establish the defendant's negligence, but it affirmatively shows that the plaintiff's own negligence was the proximate cause of her injury, and therefore the trial court erred in denying defendant's motion for a nonsuit. (2) The trial court erred in introducing into the case for the first time by its instructions, the last clear chance doctrine in that (a) the same was not pleaded by the plaintiff; (b) there was no evidence in its support; (c) that, if there was any evidence tending to show negligence by the defendant, the same evidence disclosed concurring and continuing negligence by the plaintiff in circumstances that rendered inapplicable the doctrine of last clear chance. (3) Excessive damages indicating prejudice and passion of the jury.

Our examination of the record, in the light of what we

deem the applicable principles of law, convinces us that the judgment against the defendant cannot stand. In its instructions to the jury the trial court for the first time introduced the inapplicable last clear chance rule to the manifest prejudice of the defendant. Such conclusion makes it not only unnecessary but improper now to consider or pass upon the other two assignments: One, as to the insufficiency of the evidence to sustain the verdict; the other, the prejudicial finding of the jury in returning a verdict highly excessive in amount. Particularly do we refrain from discussing these two assignments because in the event of a second trial the evidence, in its probative effect, might be materially different from that produced at the first trial. Moreover, we suggest that, in the event of a second trial, and if the present pleadings are not changed, the plaintiff should not be allowed to disregard or abandon the allegations of her complaint, as therein she seeks to do upon this review, and which the trial court adhered to in its instructions, that she was struck by the defendant's automobile while she was walking east across the north channel of travel of Nevada avenue, and we make this reference because in their brief here plaintiff's counsel contend that she was not struck by the defendant's car until after she had reached the east line of this driveway and after she began to walk north on the sidewalk across Cache la Poudre street.

Generally speaking, a plaintiff must recover, if at all, on the case as made by his pleadings, and even if he should by his evidence establish a case upon some other theory and upon a different state of facts, he fails in proving the case he makes by the complaint; and unless the evidence sustains the complaint no recovery can be had even though there might be a recovery on a different theory had it been set out in the complaint. The plaintiff for the first time in this court seeks to have the case determined upon physical conditions different from those which she relied upon at the trial below. She may not now thus change to conditions, or issues, more favorable

to her unless she is given permission to amend her complaint.

■■ We come now to the controlling question in the case. The complaint alleges that the defendant Bragdon negligently drove his car against her. In his answer the defendant denies such allegation of negligence. In a second and affirmative defense the defendant alleges that plaintiff was guilty of carelessness and negligence that directly contributed to her injury. In her replication the plaintiff merely denies the new matter in the answer; that is, denies that she was negligent. Such were the issues made by the pleadings on which the evidence was taken and verdict returned and judgment entered in her favor. Nowhere in the complaint or in the replication, which the plaintiff filed, is there any allegation or indication that she intended to rely at the trial on the last clear chance doctrine or rule. We do not say that it was necessary for the plaintiff in her complaint to anticipate that the defendant would plead contributory negligence on her part, and, by pleading the same in the complaint, invoke the doctrine of last clear chance. But we do say that when the defendant specifically alleged in his answer that plaintiff was guilty of negligence that directly contributed to the accident and thereafter plaintiff in her replication denied that she was guilty of negligence and stopped there, she may not thereafter avail herself of the last clear chance doctrine, in the then state of the pleadings, and this is so because, as the pleadings then were framed and so continued throughout the trial, the last clear chance doctrine, which is predicated alone upon the prerequisite of contributory negligence of the plaintiff, was not available to her. If the plaintiff then desired to avail herself of this doctrine she should have in her replication, after her general denial of negligence, affirmatively pleaded the facts showing the last clear chance doctrine was applicable. That is, even though she was, or may have been, guilty of negligence that contributed to her injury, as the defendant's answer specifically alleged,

nevertheless, the defendant after this intervening negligence of the plaintiff, became aware of the perilous position in which she was placed, or might have become aware thereof had he exercised ordinary care, but did not do so, in time to avoid the injury.

In 31 Cyc. p. 263, it is said that: "Under the codes plaintiff may, in his reply, tender as many issues as he pleases, so long as they are not inconsistent with the complaint, or frivolous. Plaintiff may both traverse the defense set up in the answer and confess and avoid it.

■ That contributory negligence is an affirmative defense and must be pleaded by the defendant is settled doctrine in this state. It is unquestionably new matter. The replication treated it as such by denying the same.

■ The last clear chance doctrine, upon which a plaintiff relies, is new matter constituting an affirmative defense to the new matter of contributory negligence set up in the answer. If a plaintiff wishes to avail himself of this defense to counterbalance or nullify the affirmative plea in the answer of contributory negligence, the plaintiff must do so in his replication. Some courts have gone to the extent of holding that to state a cause of action within the doctrine of last clear chance it is necessary to disclose the same in the complaint itself. *Dahmer v. N. Pac. Ry. Co.*, 48 Mont. 152, 156, 136 Pac. 1059, 142 Pac. 209; *Stewart v. Portland Ry. Co.*, 58 Ore. 377, 114 Pac. 936; *Miller v. K. C. Rys. Co.*, (Mo.) 233 S. W. 1066.

■ In 45 C. J., p. 1361, § 938, it is said that if the plaintiff does not somewhere in his pleadings place the humanitarian, or last clear chance, doctrine in issue by proper allegations, it is error to give instructions upon the doctrine. In *Woodward v. McGraw,* 71 Colo. 287, 288, 206 Pac. 386, a case which in so far as the evidence goes, is much like the one under consideration, it was held that there was nothing in such evidence to invoke the doctrine of last clear chance. In *Killian v. McCourt,* 69 Colo. 455, 194 Pac. 936, in a case similar in facts to this one, it was held on the merits that the showing was insufficient to

carry the case to the jury under the doctrine of last clear chance. The precise point here involved was not involved in the Killian case, but we refer to it because the case as made by the evidence in this case is no stronger in favor of the plaintiff than it was for the plaintiff in the Killian case. In none of the cases cited and relied upon by plaintiff was the precise question here involved in issue. The plaintiff cites *Nichols v. C., B. & Q. R. R. Co.*, 44 Colo. 501, 98 Pac. 808, and *Colorado Springs & I. Ry. v. Merrill*, 27 Colo. App. 382, 149 Pac. 843, as holding against the contention of defendant in this case, that a plaintiff must somewhere specifically plead the facts which avoid contributory negligence in order to avail himself of the last clear chance doctrine. We have read these two cases and find nothing therein to sustain this contention. The point was not made by either of the parties and the opinions do not support the same.

We withhold decision upon the point, but we deem it appropriate to say that it is doubtful, if the exigencies of this case required it, if we could declare from the record before us that the defendant was guilty of any negligence; but in the event of a new trial we do not wish unnecessarily to embarrass the plaintiff in the further prosecution of the action, and, therefore, we do not find it necessary to pass upon the plaintiff's negligence. On the contrary, for our present purpose, we have proceeded upon the assumption, but do not so decide, that the defendant's negligence has been established, and dispose of the case against the plaintiff upon the grounds above set forth. Judgment is reversed and the cause remanded, and, if further proceedings therein be had, they must be in accordance with the views herein expressed.

Mr. Justice Butler not participating.