No. 15,355.

MARKLEY, DOING BUSINESS AS M. & M. TRUCK COMPANY
v. HILKEY BROS.
(160 P. [2d] 394)

Decided June 18, 1945.

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Mr. JOHN W. SHIREMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

COMPLAINT and cross complaint for damages arising out of a collision between trucks at the intersection of West Eleventh street and Larimer street, Denver. Each of the parties alleged the other's negligence, denying his own, and plaintiff in error, defendant below, alleged contributory negligence on the part of defendant in error, plaintiff below, which was denied. Plaintiff alleged violations by defendant of certain of the Denver traffic ordinances. The trial court found in favor of plaintiff on its complaint and against defendant on his cross complaint, and consistently, judgment, not challenged as to amount, was given in favor of plaintiff.

Only the drivers of the trucks testified at the trial, and their testimony, plus plaintiff's exhibit "A"—a copy of the traffic ordinances of Denver—constituted the evidence in the case. The witnesses agreed that the collision occurred on Denver streets crossing at right angles, as day was beginning to break the morning of October

13, 1942; that plaintiff's truck was traveling northeasterly on Larimer street, and defendant's truck southeasterly on West Eleventh street, which, for the purposes of application, means that plaintiff was approaching the intersection on defendant's right and defendant was approaching on plaintiff's left; that the trucks were properly lighted and each driver saw and noted the approach of the other. Plaintiff's driver testified that when he was forty or fifty feet from the intersection of the streets, and was traveling about twenty miles per hour, he saw defendant's truck which was some fifteen or twenty feet "out of the intersection." The driver of defendant's truck testified that he was traveling about fifteen miles per hour and had slowed up for the intersection; that as he pulled up to the pedestrian lane and glanced to the right, he saw plaintiff's truck, which had just crossed the light line, the lights on his right. He added, "I was just pulling into the intersection, just crossing the pedestrian lane. * * * I thought I had plenty of time. * * * He [plaintiff's driver] was coming faster than I judged him to be coming when I pulled into the intersection. That is when I increased my speed to get out of the way." On cross-examination he testified that the ground at the intersection was practically level; that he did not apply his brakes, but did try to increase his speed "to get across ahead of the Hilkey truck." Plaintiff's driver testified that he was familiar with the traffic ordinances of Denver, and expected the other truck would be stopped at the intersection; that he realized it had not been stopped, and was not going to be stopped, only when "I saw his truck lights out my side window, that is the window of my side of the door." He then endeavored to stop, sliding his wheels, but to no avail. There was no evidence that plaintiff's driver was speeding or that otherwise he was violating any definite or fixed traffic rule, ordinance or statute. The over-all length of defendant's semi-trailer, gasoline truck carrying gasoline, was thirty-five feet. There was

no testimony as to the length of plaintiff's truck, but evidently it was an ordinary two-ton truck.

Section 65 (a) of the Denver traffic ordinance provides: "Every driver of a vehicle approaching the intersection of a street shall yield the right-of-way at such intersection to the driver of any vehicle approaching from the right, and the driver of the vehicle on the left shall decrease the speed of the vehicle operated by him and have said vehicle under control before crossing such intersection, and it shall be his duty to yield the right-of-way to the vehicle on the right; * * * (f) The phrase 'vehicle under control' within the meaning of this section is defined as follows: A vehicle traveling at such rate of speed that it is possible under conditions then existing to come to a complete stop before reaching the center of the street intended to be crossed."

Complaining on error, counsel presenting the writ urge: (1) That the negligence of defendant was not established; (2) that assuming otherwise, contributory negligence of plaintiff was shown; (3) that the last clear chance doctrine, applicable here, as said, operated not only to defeat plaintiff's claim, but established defendant's cross claim as well.

1. Considering the factual situation, already stated, and the quoted city ordinance, the car on the right (plaintiff's) had the "right-of-way, and the primary duty of avoiding an accident, such as occurred here, rests [rested] with the driver on the left." *Brickey v. Herring*, 96 Colo. 181, 41 P. (2d) 298. Primarily, therefore, defendant was guilty of negligence, as was the effect of the trial court's finding. See, also, *Rosenbaum v. Riggs*, 75 Colo. 408, 225 Pac. 832.

2. The trial court's conclusion that contributory negligence on the part of plaintiff was not shown, appears to be justified. In support of their contention otherwise, counsel for defendant cite *Campion v. Eakle*, 79 Colo. 320, 246 Pac. 280; *Boyd v. Close*, 82 Colo. 150, 257 Pac. 1079; *Stocker v. Newcomb*, 91 Colo. 379, 15 P.

(2d) 975; *Andrus v. Hall,* 93 Colo. 526, 27 P. (2d) 495. We regard those cases as distinguishable. The parties in the cited cases, proceeding variously, and who otherwise enjoyed right-of-way status, suffered impairment of that right because they themselves were guilty of violating other definite, fixed, and proclaimed rules, ordinances or statutes, having to do with the conduct of those making use of the public ways. It does not appear from the record in the case at bar that plaintiff was guilty of any such infraction, and negation thereof attends the trial court's general finding. The evidence disclosed that the driver of defendant's truck perceived the relative positions of the parties as they approached the intersection of the streets and recognized that plaintiff had the right of way, but concluding that he "had plenty of time" to "get across ahead of the Hilkey truck," himself proceeded to take the right of way, and failed to "stop before reaching the center of the street intended to be crossed," all contrary to the provisions of the ordinance. There was no evidence that plaintiff was speeding or proceeding other than well within the range of his legal and reasonable rights, or that he had, or should have had, any expectation that defendant's truck would not be stopped before crossing the center line of the street as the ordinance required, or that he knew, or should have anticipated, defendant's negligence in time to take effective steps to avoid the collision. On the contrary, and evidently the trial court was of that view, the evidence indicated otherwise.

■ ■ 3. What we have said in relation to negligence and contributory negligence, the facts of the inquiry kept in mind, is indicative that the rule of the last clear chance is without application. Besides, and this seems controlling, the rule was not pleaded. "The last clear chance doctrine," as we have said, * * * is new matter constituting as affirmative defense," and must be pleaded. *Bragdon v. Hexter,* 86 Colo. 435, 282 Pac. 568. Rule 8 (c), Colorado Rules Civil Procedure,

requires that in "pleading to a preceding pleading, a party shall set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense." It follows that defendant's purpose to avail himself of the affirmative defense known as the "last clear chance," should have been stated in his answer to plaintiff's complaint. In *Independent Lumber Co. v. Leatherwood,* 102 Colo. 460, 79 P. (2d) 1052, cited by counsel for defendant, and which was a proceeding under the old Code, the last clear chance rule was pleaded by plaintiff in his replication, at which point, plaintiff invoking the rule, it became pertinent. Here, defendant, not plaintiff, relies on the rule; hence, as already we have said, he should have pleaded it in his answer.

Let the judgment be affirmed.