## No. 16,463.

BARNES ET AL. *v.* WRIGHT.
(231 P. [2d] 794)

Decided April 23, 1951.  Rehearing denied May 14, 1951.

Messrs. BANNISTER, WELLER & FRIEDRICH, Mr. H. GAYLE WELLER, Mr. WILLIAM H. HAZLITT, for plaintiffs in error.

Mr. EDGAR McCOMB, Mr. ALBERT E. ZARLENGO, Mr. JOHN C. MOTT, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

FOR damages resulting from an automobile accident on the 29th day of July, 1948 at the intersection of East 13th Avenue and Clermont Street in Denver, Colorado, defendant in error, as plaintiff, filed her complaint against the defendants—now plaintiffs in error—in the district court on December 4, 1948. She alleged that the negligence of Catherine C. Barnes, the driver of the other automobile involved in the accident, was the proximate cause of the collision in that: She was operating her automobile in a careless manner and at a speed in excess of twenty-five miles per hour, the limit provided by ordinance; that she failed to keep a reasonable and prudent lookout for traffic on the road; and failed to have her automobile under reasonable control so as to have been able to stop the same or swerve it and thereby avoid the collision; she prayed for damages in the sum of $16,300 and a restraining order against defendants from proceeding with or prosecuting an action they had instituted in the justice court against her for damages to defendants' automobile. The trial court entered its order enjoining defendants from proceeding with the case in the justice court until the cause now pending in the district court be finally adjudicated and determined.

Defendants in their answer, admit the joint ownership

of the automobile involved; admit that a collision occurred at the intersection mentioned; deny negligence on the part of Catherine C. Barnes, the defendant driver; and deny that Catherine C. Barnes violated the speed ordinance of the City and County of Denver. As a second defense, defendants allege contributory negligence on the part of plaintiff in the violation of the right-of-way ordinance of the City and County of Denver then in full force and effect, in that plaintiff took the right-of-way from defendant at the intersection, which ordinance is section 65 (a) of Ordinance No. 16, Series of 1932, and is as follows: "Vehicles Approaching an Intersection. Every driver of a vehicle approaching the intersection of a street shall yield the right-of-way at such intersection to the driver of any vehicle approaching from the right and the driver of the vehicle on the left shall decrease the speed of the vehicle operated by him and have said vehicle under control before crossing such intersection, and it shall be his duty to yield the right-of-way to the vehicle on the right; * * *."

Defendants further alleged that plaintiff negligently failed to have her automobile under reasonable control so as to have been able to avoid the collision; and they filed a counterclaim against plaintiff in the sum of $211.98 as the damage to their automobile. The allegations of the counterclaim were specifically denied by plaintiff in her answer thereto.

At the beginning of the trial to a jury of six, among other things immaterial to a decision here, counsel stipulated as to the automobile damage of both parties, plaintiff's damage being $250 and defendants' damage $211.98. At the close of the evidence as to the nature of the accident, defendants' motion to dismiss plaintiff's complaint on the ground that the evidence conclusively shows plaintiff to be guilty of contributory negligence was denied. At that stage of the proceedings, counsel for plaintiff moved for leave to amend the complaint under Rule 15, R.C.P. Colo., by adding the following as paragraph

10 thereof: "10. That this plaintiff alleges that, in the event she shall be held, either in law or in fact, to be guilty of any negligence constituting a proximate cause of the collision described herein, that the defendant Catherine C. Barnes had the last clear chance to avoid the same." Counsel for defendants made timely objections to the amendment on the ground that it is not supported by the evidence and that the request for the amendment came too late. After argument by counsel, permission was granted to amend the complaint by the amendment herein set out. The only testimony concerning the nature of the accident introduced after the amendment was direct examination of Catherine C. Barnes, which added but little, if anything, to her testimony given when called by plaintiff for cross-examination under the statute.

Plaintiff Wright testified in substance as follows: That it was a perfectly clear day; that she was traveling north on Clermont, a dry, paved street, and was approaching the intersection of East 13th Avenue at a speed of about twenty miles an hour, and glanced in both directions to see if traffic was coming. She then stated: "Well, before I went into the intersection I noticed a car coming which apparently was at about the intersection of Cherry, looked like it was plenty of time to cross. I went along but when I was past the middle of the intersection I noticed the car was coming at a very great deal of speed more than I had anticipated and the driver apparently didn't even see me. I was so scared I didn't know which way to go and I was stepping on the gas hard to try to get out of the way and I thought I had made it and the next thing I knew I was going over." That the first time she looked to the right was before she got to the intersection and she saw defendants' car at about Cherry street the way it looked to her, then she glanced back, or to the left, proceeded into the intersection, and had passed the middle of the intersection when she saw defendants' car the second time. On cross-

examination she testified that she first looked to the left as she approached the intersection; that when she was not quite to the intersection she looked to her right; "Q. At what point was it that you stepped on your gas, Mrs. Wright? A. When I realized the car was coming at a terrific rate of speed and the driver not even seeing me. * * * Q. And you didn't apply your brakes at all? A. No, I didn't apply the brake."

Defendant Catherine C. Barnes called for cross-examination under the statute by plaintiff, testified that she was driving west on East 13th avenue, approaching the intersection of Clermont street at a speed of between twenty and twenty-five miles per hour; denied that she exceeded the twenty-five-mile limit at any time; that she looked to the left and to the right as she approached the Clermont intersection and could see down Clermont to her left almost a quarter of a block; that at that time defendant herself was about one-third of a block east of Clermont; that because of a house on the corner she could see down Clermont only about fifty or sixty feet and did not see plaintiff's automobile; that she slowed down for the intersection and the first she saw plaintiff's car was when plaintiff was in the intersection and she was almost to the intersection; that she applied her brakes at about the east curb line of Clermont street; that she was looking to the right for oncoming cars; that what she actually did was, when she was one-third of the way back in the block, she took a glance to the left and then began looking to the right and never looked to the left again until she hit the line of the crosswalk. On direct examination she testified that her vision to the right was very poor and that she was watching to the right very closely; that when she saw plaintiff's car in the intersection, it took a second to apply the brakes and that she then was traveling about twenty miles an hour and was unable to stop her vehicle before colliding with plaintiff's car; that her car stopped practically in the center of the street; that she accounted for the fact that

she did not see the car driven by plaintiff because she was looking to her right.

The case was submitted to the jury under instructions, to some of which timely objection was made; verdict was in plaintiff's favor in the sum of $2500 and judgment was entered accordingly.

Reversal is sought upon the following specification of points: "1. Amendment of plaintiffs' complaint to include an allegation that the defendant had the last clear chance to avoid the accident should not have been permitted because the motion to amend came too late being, as it was, a departure from the issues made by the pleadings and from the theory on which the case was tried, and because the amendment did not conform to the evidence presented and was inapplicable thereto. 2. The question of last clear chance should not have been submitted to the jury as there was no evidence to support a finding based on that doctrine."

The argument of counsel for plaintiff in error is largely levelled against instructions Nos. 9 and 10, which are as follows:

"Instruction Number 9

"You are instructed that even though the plaintiff is guilty of negligence in not yielding the right-of-way to the defendant yet if you find from the evidence that the defendant was aware of or, by the exercise of reasonable diligence, should have been aware that the plaintiff was in a position of imminent peril and that it was within the power of Mrs. Barnes to have avoided the accident by the use of ordinary diligence thereafter, and that she failed to do so, then the defendant is liable for failure to avoid said accident and unless you do so find then the plaintiff cannot recover. This is what is known as the doctrine of last clear chance.

"Instruction Number 10

"The Court instructs you that as a matter of law you are to find that the plaintiff was guilty of negligence in taking the right-of-way so that in your determination of

the counterclaim of defendants your verdict will be for defendants on their counterclaim unless you find defendant Catherine Barnes was guilty of negligence that proximately contributed to her damages."

From the admitted facts, coupled with the city ordinance, plaintiff, being the driver on the left, was burdened with the primary duty of exercising ordinary care to avoid the accident, and her failure to yield the right-of-way to defendants, approaching from the right, constituted negligence. The position taken by plaintiff in seeking the application of the doctrine of last clear chance, was tantamount to a confession of this negligence which defendants alleged to be the contributing cause of the injury. Plaintiff's late plea of last clear chance was not available unless the negligence on her part, just referred to, was contributory. *Lambrecht v. Archibald,* 119 Colo. 356, 203 P. (2d) 897. There was no evidence of consequence that defendant Catherine Barnes was speeding or proceeding other than well within the range of her legal and reasonable rights, or that she had, or should have had, any expectation that plaintiff would not yield the right-of-way by stopping her car before crossing the center line of the street as provided by the ordinance, or that she knew, or should have anticipated plaintiff's negligence in time to take effective steps to avoid the collision. In the case of *Markley v. Hilkey Bros.,* 113 Colo. 562, 160 P. (2d) 394, the factual situation and testimony relating to the question of contributory negligence is closely similar to the facts now before us. In that case Mr. Justice Hilliard used the following apt expression: "The evidence disclosed that the driver of defendant's truck perceived the relative positions of the parties as they approached the intersection of the streets and recognized that plaintiff had the right of way, but concluding that he 'had plenty of time' to 'get across ahead of the Hilkey truck,' himself proceeded to take the right of way, and failed to 'stop before reaching the center of the street intended to

be crossed,' all contrary to the provisions of the ordinance."

■ ■ The case as pleaded and tried should have gone to the jury on the questions of negligence and contributory negligence, to determine the proximate cause of the accident. If plaintiff was ready to admit her negligence in violation of the right-of-way ordinance when defendants pleaded this violation as contributory negligence, then, if she wished to avail herself of the doctrine of last clear chance, she should have pleaded same affirmatively which opportunity was afforded her by way of reply, or at any time upon motion to amend her complaint prior to the trial. The decisions of this court unmistakably lay down and follow the well-settled rule that the doctrine of last clear chance must be affirmatively pleaded. *Markley v. Hilkey Bros.*, 113 Colo. 562, 160 P. (2d) 394, quoting with approval from *Bragdon v. Hexter*, 86 Colo. 435, 282 Pac. 568. On this question, the cases cited differ from the case at bar only in that in the cited cases no amendment was requested or made. Here the amendment was requested at the trial after the facts were established by the testimony of both parties hereto. The request for amendment was made under Rule 15 (b) of the Colorado Rules of Civil Procedure, which is as follows: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues."

Apparently, the amendment was allowed by the court to conform to the proof. A study of this rule discloses that the amendment allowable or "such amendment" refers to situations where issues are not raised by the pleadings and are tried by the express or implied consent

of the parties. This is made clear by the further provision that the amendment may be made "even after judgment."

■ It cannot rightfully be said here, that the question of the doctrine of last clear chance, was tried by consent of the parties because, on the first mention of such a theory and the request for an amendment, counsel for defendants interposed timely and sound objections. We do not read the original complaint herein as containing a pleading of the last clear chance doctrine. Counsel for plaintiff undoubtedly considered the complaint as containing no such allegation or affirmative plea, for in their argument presented to this court upon the application for supersedeas, they contended that the late amendment allowed by the court was not error. They now assert that the original complaint sufficiently pleaded the question affirmatively. If the trial court was in doubt to the extent that he permitted the late amendment, then there certainly was not a clear pleading of the question. Not being pleaded affirmatively before trial on the issues, defendants were placed at an unfair disadvantage and apparently relied entirely upon establishing contributory negligence on the part of the plaintiff as pled, to the satisfaction of the jury. The underlying theory of the well-settled rule that the doctrine of last clear chance must be affirmatively pleaded, is that it affords timely notice to the opposing party, and that is the tenor and effect of the cases cited.

■ Without further discussion of the instructions opposed, which relate to this question, we now determine that the trial court erred to the prejudice of defendants in permitting the amendment after nearly all of the questions relating to the issues were before the jury. Instead of allowing the amendment, the trial court, under subdivision b (1) of Rule 41, R.C.P. Colo., could have dismissed plaintiff's complaint with the specification that such dismissal would not operate as an adjudication upon the merits.

In our view of the evidence as adduced on the issues of negligence and contributory negligence, there is no proof that defendant Catherine Barnes was subsequently negligent after discovery of the perilous situation, in that she did, or failed to do, anything that ordinary prudence would have caused her to do otherwise. She had justifiable expectation that an automobile approaching or entering the intersection from her left would, in compliance with the ordinance, yield the right of way. Plaintiff frankly stated that she thought she could make it across and stepped on the gas to that end. This, regardless of her duty under the ordinance. Under the circumstances here presented, we see no place for the application of the last clear chance doctrine, because the emergency was so sudden that time did not permit an opportunity for thought, application and mental direction sufficient to act effectually. In other words, if there was a last chance, it was not a clear one. When the court erroneously permitted the amendment to the complaint and instructed the jury on the doctrine belatedly pleaded, its action had the significance of a suggestion to the jury that the evidence disclosed such last clear chance. The possible confusion thus created in the minds of the jurors could easily have been prejudicial to defendants, resulting in the adverse verdict.

For these reasons the judgment is reversed and the cause remanded with directions that a new trial be had upon the issues of negligence and contributory negligence as framed by the original pleadings.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE MOORE concur.