489 P.2d 1047 (1971)
Robert E. HAFFKE, Executor De Bonis Non of the Estate of Henry Linker, Deceased, Plaintiff-Appellee,
v.
Clarence L. LINKER and Mrs. Clarence L. Linker, Defendants-Appellants.
No. 71-019.
Colorado Court of Appeals, Div. II.
September 8, 1971.
Rehearing Denied September 28, 1971.
Certiorari Granted as to Haffke November 8, 1971.
Certiorari Denied as to Linker November 8, 1971.
Sherman E. Walrod, Holyoke, Francis A. Benedetti, Wray, for plaintiff-appellee.
*1048 John A. Kintzele, Denver, for defendants-appellants.
Selected for Official Publication.
DWYER, Judge.
This is an appeal by Clarence L. Linker and his wife from a judgment recovered against them by Robert E. Haffke, Executor De Bonis Non of the Estate of Henry Linker, Deceased, in an action on a promissory note.
The note in issue is dated January 4, 1961, and is signed by the defendants, Clarence L. Linker and his wife. It is in the principal sum of $10,000, payable one year after date to the order of Henry Linker. On May 14, 1965, Henry Linker attempted to transfer this note to two of his three sons, Henry L. Linker and Clarence L. Linker, by way of a gift endorsement on the reverse side thereof. Henry Linker died on July 10, 1965, and his son, Henry L. Linker, was appointed executor of his estate. The executor made no attempt to collect the note. Gretta Linker, the decedent's widow, brought an action to set aside the transfer and, upon trial of the action, the transaction was declared void. This court affirmed that decision in Linker v. Linker, 28 Colo.App. 136, 470 P.2d 882.
After that decision was announced, Robert E. Haffke was appointed Executor De Bonis Non of the Estate of Henry Linker, and he commenced this action on the note. After defendants answered, the case was tried to the court. The court found the issues in favor of the plaintiff and entered judgment against the defendants on the note for $10,000 principal, $5,708 interest, and $3,928 attorney's fees.
On this appeal the defendants assert five grounds for reversal.
Defendants first contend that the trial court should have allowed defendants to amend their answer to plead "novation." During the course of the trial the executor called Clarence L. Linker as an adverse witness. He testified that he made certain payments to a creditor of the decedent. The payments were in the following amounts and were made on the following dates: $249.23 on April 9, 1962; $249.24 on September 14, 1962; $498.42 on September 22, 1963; and $498.42 on October 10, 1964. Concerning these payments, Clarence Linker testified, "[T]he reason why I made these payments was my dad asked me toto help him out on this interest to keep from any foreclosure on his house, and if I would do this as long as he was alive then the $10,000 note would be forgiven."
At the close of plaintiff's evidence, defendants moved "to amend their answer to conform to the evidence by adding one more defense of payment by novation." The court denied the motion. R.C.P.Colo. 15(b) permits amendments to conform to the evidence when issues not raised by the pleadings are tried by express or implied consent of the parties. The issue of "payment by novation" was completely foreign to the issues in the case. It was not tried with the consent of the parties and could not be injected into the case by amendment. Barnes v. Wright, 123 Colo. 462, 231 P.2d 794. The facts upon which Linker based his defense of novation were within his knowledge for a long time prior to the beginning of this extended litigation. His attempted amendment at the conclusion of the second trial involving the note came too late, and his motion to amend was properly denied.
Defendants next argue that the judgment should not have been entered against them because the note was not "fully in default, if at all, because of the concept of equitable setoff." Defendants cite a number of cases which announce the rule that an executor or administrator has a right of equitable retainer or setoff and may retain a beneficiary's legacy or distributive share to the extent necessary to satisfy any indebtedness of the beneficiary to the estate. Clarence Linker was entitled, on distribution, to one-sixth of the net assets of the Linker estate. He argues that his obligation to pay money to the estate and his right to receive money from *1049 the estate are rights and obligations which should in equity be balanced one against the other, and that for this reason he is not in default on his note. He also argues that no judgment should be entered against him until the amount to which he is entitled on distribution is ascertained. The error in his position is that his presently due obligation as a debtor of the estate on his promissory note held by the executor is in no way altered or diminished by the fact that he is one of several beneficiaries of the estate, who may or may not have some future right to distribution upon final settlement. He is obligated to pay his note according to its tenor and must wait until final settlement of the estate to receive his distributive share.
Defendants next contend that the claim of the executor on the note is barred by the statute of limitations. This argument ignores the fact that during the sixyear period following the due date of the note the ownership of the note was in litigation. In that litigation the Linkers claimed that the note belonged to Clarence Linker by gift from the holder during the holder's lifetime. Until that litigation was terminated, the statute of limitations was tolled. James v. James, 75 Colo. 164, 225 P. 208.
The defendants next complain that the amount of interest allowed by the court was improper. The executor is also dissatisfied with the amount of interest allowed. The trial court allowed interest from the date the note was due to the date of the judgment at the statutory rate of 6%. This was a proper allowance, and the claims of the parties to the contrary are without merit.
Defendants finally argue that the trial court was in error in its allowance of attorney's fees. The trial court, in addition to the principal and interest, included attorney's fees of $3,928 in the judgment. This amount was awarded on the basis that a proper fee in this case was 25% of the principal and interest due. The Supreme Court has held that the holder of a note providing for the payment of reasonable attorney's fees upon collection is entitled to the recovery of such a fee only upon a showing that the fee actually has been paid or incurred, and that the amount of the fee is reasonable. Stevens v. Liberty Loan, 161 Colo. 312, 421 P.2d 732.
There was no evidence in the record to meet the requirement of proof of reasonableness. The only evidence presented by the executor to establish the amount of the fee was the testimony of an expert witness. He testified that the customary and usual contingent fee charged by attorneys on collection of notes is 25% of the amount collected where there is no litigation, and one-third of the amount collected in the event of litigation. This testimony related only to the usual fee arrangement between the holder of a note and an attorney employed by the holder to collect the note. It did not establish the reasonableness of an attorney's fee which a holder is entitled to recover from the maker in a suit on a promissory note.
That part of the judgment which is in favor of the plaintiff and against the defendants in the amount of the principal of the note, together with interest, is affirmed.
That part of the judgment which is in favor of the plaintiff and against the defendants in the additional sum of $3,928 as attorney's fees is reversed and remanded with directions that the trial court hold a further hearing into the matter of reasonable attorney's fees.
COYTE and DUFFORD, JJ., concur.