## No. 9667.

## KILLIAN v. McCOURT.

Decided Jan. 10, 1921.

Action for personal injuries sustained in an automobile accident. Judgment for defendant.

*Affirmed.*

1. EVIDENCE—*Inconsistent with Admitted Facts.* The conclusion of a witness which is so at variance with admitted facts as to be incongruous, should receive no consideration.

2. NEGLIGENCE—*Last Clear Chance.* Evidence reviewed and held insufficient to carry the cause to the jury under the doctrine of last clear chance in favor of one admittedly guilty of negligence continuing to the moment of the accident.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. E. M. SABIN, for plaintiff in error.

Mr. WILLIAM E. HUTTON, Mr. BRUCE McCAY, for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action against defendant in error for personal injuries sustained in an automobile accident at the intersection of Broadway and Thirteenth Avenue in the City of Denver. Judgment having been entered against her on a directed verdict she brings the cause here for review.

Defendant was driving his automobile South on Broadway. A street car passing in the opposite direction had made a "far side stop" at the Thirteenth Avenue crossing. Plaintiff, either just before or immediately after this street car started up, hurriedly crossed Broadway, south of it, with both her hands up, holding her hair and her coat, and without glancing in either direction or taking the slightest precaution from the moment she left the curb until the

car struck her. At the time of the collision she had not seen the automobile and did not even know what it was. Her negligence is undisputed. The sole point here necessary to determine is her right to go to the jury under the doctrine of the "last clear chance;" it being contended that there is evidence that defendant could, by the exercise of reasonable care and diligence, have stopped his car after plaintiff's peril was apparent. The basis for this contention is defendant's estimate that he was approximately twenty-five feet from plaintiff when he first saw her, and the testimony of a mechanic that the car could, under certain ideal conditions not here established, have been stopped in approximately ten feet. The only reliable evidence concerning the speed at which defendant was traveling is that given by himself and other passengers, and is all to the effect that that speed was not in excess of ten miles per hour. Plaintiff concluded otherwise, but in view of admitted facts that conclusion was so incongruous that it could receive no consideration. *Westerkamp v. C. B. & Q. Ry. Co.*, 41 Colo. 290, 297, 92 Pac. 687.

To offset this we have the testimony of the mechanic, above referred to, from which plaintiff's counsel draws the conclusion that the defendant either did not put forth every possible effort to avoid the collision after he discovered the peril of plaintiff, or that he was in fact traveling at an excessive rate of speed. Plaintiff and his passengers testify that every possible effort was made to avoid the accident. The testimony of the mechanic does not indicate whether his estimate of the distance of ten feet required to stop this car includes or excludes the time necessarily required to shut off the power and apply the brakes. Those acts, if they occupied but a second, would cover a greater space than the time he allows for stopping the car. After they were performed his estimate does not allow one second of time to bring the car to a full stop. We are therefore asked to say that this guess of the witness, involving such a doubtful performance and based upon defendant's guess as to the interval separating the car and the plaintiff when

her peril was discovered, is sufficient to carry the cause to the jury under the doctrine of the "last clear chance," in favor of one admittedly guilty of negligence continuing to the moment of the collision.   This we cannot do.

*Denver City Tramway Co. v. Cobb,* 164 Fed. 41, 43, 90 C. C. A. 459.   Had a verdict for plaintiff been returned it would have had no basis save conjecture.

Finding no reversible error in this record the judgment is affirmed.

MR. JUSTICE SCOTT, (sitting for MR. CHIEF JUSTICE GARRIGUES), and MR. JUSTICE TELLER concur.