# No. 13,691.

WENDELIN ET AL. *v.* ROSS.

(62 P. [2d] 1157)

Decided November 23, 1936.

Mr. Wilbur F. Denious, Mr. Hudson Moore, Mr. Dayton Denious, for plaintiffs in error.

Mr. William O. Perry, Mr. Edwin A. Williams, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This is an automobile accident case involving damages for personal injuries resulting, as it is alleged, from the negligence of defendants. The verdict was in plaintiff's favor and he was awarded judgment in the sum of $864.85, to reverse which, defendants bring the case here on error. In this opinion the parties will be designated as they appeared in the district court, or by name.

The grounds upon which reliance is placed for reversal all are within the assignments of error and are as follows: (1) That the evidence does not show any negligence on the part of defendants. (2) That the evidence conclusively shows contributory negligence on the part of the plaintiff. (3) That the doctrine of last clear chance should not have been submitted to the jury under the pleadings and the evidence.

These grounds require a careful and detailed review and consideration of the evidence. Following our established rule that the evidence must be construed, if it reasonably may be, to support the judgment, we think the jury reasonably might have found the following facts: That on the night of July 6, 1933, at 9 o'clock p. m., when the accident occurred, it had been raining and the pavements were wet; that plaintiff and one Wheeler were proceeding northerly along the westerly walk on Broadway in the city of Denver and entered the intersection of Broadway and West Colfax avenue, at which intersection there was a traffic signal, while the green light was in their favor; that they proceeded

across said intersection in the lane for pedestrians, and while so doing the green light changed to the amber colored caution signal and so remained for four seconds and then changed to red; that when plaintiff had arrived at a point in the pedestrian lane on or a few inches north of the northernmost rail of the double street car tracks that ran along West Colfax Avenue, he and his companion Wheeler stopped to permit one or more cars that had entered the intersection after the light changed, and which were headed westerly, to pass in front of them; that West Colfax at the point where they were crossing is 63½ feet wide between curb lines, and that from the north street car rail on or near which they were standing, to the north curb line of West Colfax, the distance is 26 feet; that Broadway is approximately the same width as Colfax from curb line to curb line; that there was room on either side of where plaintiff stood for a car to pass without striking him; that while standing in the position indicated, defendant Wendelin, as an employee of defendant Maddox, driving a Chevrolet delivery truck, was proceeding westerly along West Colfax at a speed of twenty miles per hour approximately and the truck struck plaintiff and his companion Wheeler where they stood in the intersection; that the right fender of the truck hit them; that the defendant Wendelin stopped the truck within 18 or 20 feet after it struck them; that Wendelin looked back through the rear window of the car when he stopped and saw plaintiff lying on the pavement just a few feet north of where the truck struck him; that he could have stopped the truck or driven it on either side of plaintiff had he seen him in time; that a city ordinance provides in effect that at the place of the accident a speed above twenty miles an hour shall not be considered safe driving, and that the speed permissible under that limit is such as is reasonable and safe under the circumstances; that so far as is here material section 10A of the city ordinances is as follows: "Green or 'Go' —When green or 'go' signal is given, traffic facing the

signal may proceed; except that vehicular traffic shall yield the right of way to pedestrians and vehicles lawfully within a crosswalk or the intersection at the time such signal is exhibited.'' It is clear from the evidence that the plaintiff did not see the approaching truck and that the driver of the truck did not see plaintiff until almost the moment of impact.

Defendants' witness, C. L. Organ, who was driving south on Broadway and who stopped for the red light just before the accident occurred, testified that the streets were slippery but that he had no trouble seeing. Defendants' witness, Carl Organ, who was in the car with his father, testified that from where they were stopped he could see the truck and the two men in the light produced by the headlights of the truck. Defendants' witness Eachus, who was standing by the door of the drug store at the northeast corner of the intersection of the streets, testified that he had no difficulty in seeing the two men in the street before they were struck.

In view of the fact that four of defendants' witnesses —at least two of them shown by their testimony and reference to the plat drawn to scale and introduced in evidence to have been more than twenty feet away from the point of the accident—testified they could see plaintiff standing in the street, and in view of the fact that defendant Wendelin said he looked through the back window of the truck when he stopped eighteen feet from the point of the accident and saw plaintiff lying in the street a few feet north of the place of impact, reasonable men might well find that defendant Wendelin, if exercising ordinary care, could, by the aid of the truck headlights, which he said were good, have seen the two men standing in the street in time to stop, since he could look back, presumably without such aid and see one of them lying in the street at a distance within which he did stop, and since other witnesses further away did see him. From Wendelin's own testimony, above noted, the jury might well have found that in the exercise of reasonable

care he could have seen plaintiff in time to have done any one of three things that would have saved the latter from injury, namely: stopped, turned to the right, or turned to the left. The evidence of negligence clearly was sufficient to carry the case to the jury.

If the jury found there was no contributory negligence on the part of the plaintiff, its verdict is supported by the evidence of defendant's negligence. If it found there was contributory negligence the effect of such negligence is avoided by the last clear chance rule upon which it was properly instructed and the verdict still is supported by the evidence. The determination of whether there was or was not contributory negligence on the part of the plaintiff is not decisive of the case. We need not, therefore, determine whether or not the record contains conclusive evidence of the contributory negligence of plaintiff as defendants contend. In considering defendants' third objection, that the doctrine of last clear chance is not properly in the case, we shall assume that there was evidence from which the jury might have found contributory negligence.

The complaint charged negligence generally in the following words: ''That at said time and place the defendant [Wendelin] so carelessly and negligently operated, maintained, and controlled the said truck that it ran into the plaintiff, throwing him to the ground and seriously injuring and damaging the plaintiff herein and his property.'' The defendants denied the charge of negligence and alleged generally that plaintiff was guilty of contributory negligence which charge plaintiff denied in his replication. Any evidence offered by either party showing the circumstances under which the accident occurred and any evidence showing the acts and omissions of the parties, was admissible and competent as bearing on the questions of whether the defendant exercised ordinary care to prevent injury to plaintiff, and if not, whether his failure to exercise such care was a proximate cause of the resulting injury; and, if the defendant

was not in the exercise of ordinary care to prevent injury to plaintiff, whether plaintiff was himself lacking in ordinary care for his own safety, which lack of care contributed to the injury he sustained. No error is assigned on the admission of such evidence.

From the testimony of plaintiff and defendant Wendelin concerning the circumstances under which the accident happened and the conduct of the plaintiff and Wendelin, driver of the car, it clearly appears that plaintiff was out in Colfax avenue near the north rail of the street car tracks just before he was struck, and it further appears that four of the defendants' witnesses, two of whom were more than twenty feet away from where plaintiff was standing, saw him and saw defendants' car approaching him. Defendant Wendelin himself testified that he did not see plaintiff until immediately before the truck struck him, that he stopped his car in from eighteen to twenty feet from the point of impact and that he then looked through the rear window of the truck and could see plaintiff lying where he was struck, eighteen or twenty feet back of the car. He also testified that his headlights and brakes were in good condition and that he could have stopped the truck or have driven to the right or left of the plaintiff if he had seen him in time. Assuming, as defendants contend, that plaintiff was guilty of contributory negligence in being out in the street or in failing to see or avoid the car, the evidence before the court, to the admission of which no error is assigned, disclosed a situation to which the doctrine of last clear chance might properly apply. *Colorado Springs & Interurban Ry. Co. v. Merrill,* 27 Colo. App. 382, 149 Pac. 843; *Nichols v. Chicago, B. & Q. R. R. Co.,* 44 Colo. 501, 98 Pac. 808.

When application was made to amend the replication by pleading last clear chance it was addressed to the discretion of the court and in permitting the amendment to conform to the proof the court did not abuse its discretion. Defendants contend that they were preju-

diced by the order of the court permitting the amendment after the testimony was concluded and the witnesses excused. This contention is not sound. All of the evidence concerning the accident and the conduct of the parties, under the disclosed circumstances, which was admissible under the issues as made by the pleadings subsequent to the amendment, was admissible under the issues made by the allegations and denial of negligence and contributory negligence contained in the pleadings prior to the amendment.

The judgment is affirmed.

Mr. Justice Bouck dissents.

Mr. Justice Burke sitting for Mr. Chief Justice Campbell, who did not participate.

Mr. Justice Bouck, dissenting.

In the district court the plaintiff recovered verdict and judgment against the defendants, who are plaintiffs in error here.

The action, as originally instituted, was based upon the alleged negligence of the defendants in connection with an automobile collision causing injury to the plaintiff. The answer charged the plaintiff with contributory negligence. These issues of negligence and contributory negligence were the only issues at the time the evidence was taken.

Among the assignments of error is one which in my opinion entitles the defendants to a new trial. It points out the alleged error of the trial court in permitting the doctrine of "the last clear chance" to be introduced into the case after both sides had announced that they rested and after the witnesses had all been released by the court beyond recall. This change was accomplished at that time by granting the plaintiff leave, over the defendants' objction, to amend his replication by interlining the following language: "And alleges that at said time and

place when the plaintiff was in a position of peril, the defendant, Wendelin, could and should have observed plaintiff's position; and by the exercise of ordinary care, could and should have avoided the accident.'' This was obviously intended to be in confession and avoidance of the defendants' allegation that the plaintiff's own negligence had contributed to his injury; in other words, it injected for the first time the orthodox counter-defense of "the last clear chance." Up to that time the plaintiff relied, for defense against the defendants' charge, upon his claim that he was not himself guilty of contributory negligence. Doubtless the attorneys' opening statements to the jury, as well as their interrogation of jurors on the voir dire, proceeded along the express lines of original negligence of the defendants and contributory negligence of the plaintiff. It is not contended that the "last clear chance" doctrine was even hinted at until after the court had finally discharged all the witnesses and an appreciable recess had been taken thereafter by the trial court.

To reinforce the aforesaid interlined amendment of the replication, and thus the additional issue, a corresponding instruction was given to the jury, also over the defendants' objection. This occurred by adding in the following instruction the concluding words, which I italicize: "Even though you may find that defendant Wendelin was negligent, yet if you find and believe from a preponderance of the evidence that the plaintiff Ross himself was negligent, and that his negligence proximately caused or proximately contributed to the collision and injury, then and in such event your verdict would be against the plaintiff and for the defendants, *unless the defendant Wendelin had the 'last clear chance' to avoid the collision as hereafter instructed.*"

It will be observed that this change in the pleadings and in the instruction was a deliberate one made as an afterthought with the evident purpose of bringing the case within the principle laid down by this court in *Bragdon v. Hexter,* 86 Colo. 435, 282 Pac. 568, which unequivo-

cally holds that the "last clear chance" defense must be pleaded if relied upon. This court, there speaking by Mr. Justice Campbell, the present honored Chief Justice, in an opinion without dissent and concurred in by Mr. Justice Burke and four other able judges, says (at page 439): "The last clear chance doctrine, upon which a plaintiff relies, is new matter constituting an affirmative defense to the new matter of contributory negligence set up in the answer. If a plaintiff wishes to avail himself of this defense to counterbalance or nullify the affirmative plea in the answer of contributory negligence, the plaintiff must do so in his replication." The "last clear chance" doctrine, when invoked, is both logically and as a matter of sound legal practice an affirmative defense in confession and avoidance. Denison, Code Pleading in Colorado (published in 1936), page 420, section 528. The lamented author of this admirable work was formerly a distinguished member of this court, and no mean authority on the subject of pleading.

It needs no argument to demonstrate that in the present instance the raising of the specific issue of "the last clear chance," in confession and avoidance of contributory negligence, must have prejudiced the defendants because it was belated. The jurors finally had before them the issues of negligence, contributory negligence, and (without notice to them until all the evidence was in) "the last clear chance," whereas the trial had clearly proceeded on the issues of negligence and contributory negligence alone. No attorney upon whom such a sudden change of procedure is thrust could, by any reasonable criterion of nisi prius practice, handle himself and his case as efficiently in the one instance as in the other. A trial, to be fair to both sides, must proceed on the pleadings as they are constituted while the parties still have full opportunity to conduct their respective parts of the trial in direct relation to those pleadings and no others; that is to say, when a shift is made in the pleadings, as here, each side should have full opportunity to recall any of

the witnesses for the purpose of adapting the procedure to every such shift in the pleadings. This the defendants (plaintiffs in error) were unable to do, through no fault of theirs, and simply because, when the trial of the fact-issues as then constituted by the pleadings had ended, the court had dismissed the witnesses. Issues framed by pleadings are necessarily the framework upon which the evidence must be placed. The purpose is, of course, defeated if a larger framework, suddenly and without previously announced plan or specification, is constructed when there is no opportunity of placing further evidence upon it to accommodate the arbitrary change of issues. In the circumstances presented by the record the jurors could not have failed to be confused by the unexpected alteration of the issues which they were trying during the entire evidence-taking period, and to which, and to which alone, they as laymen had been endeavoring to apply the evidence on the strength of what they had heard in the opening statements and on the voir dire examination. The amendment of the replication was, as it seems to me, fatally late, and the giving of this instruction on the affirmative counter-defense to the charge of the plaintiff's contributory negligence was, I think, reversible error.

In the light of the foregoing, can it be said that fairness was observed toward the defendants? Let us see whether the procedure here used is conducive to justice.

There was no attempt, on the part of counsel for the plaintiff, at justifying the procedure of the trial court in permitting the vital change in the issues except this short statement in their brief: ''Counsel must agree that amendments to pleadings can be made at any time within the discretion of the trial court and nearly as a matter of right a litigant is entitled to an amendment to conform to proof. Defendants do not suggest that there was an abuse of that discretion.'' Counsel are here in error, for the objection is on that very ground.

The majority opinion deals with the matter as follows:

"Defendants contend that they were prejudiced by the order of the court permitting the amendment after the testimony was concluded and the witnesses excused. This contention is not sound. All of the evidence concerning the accident and the conduct of the parties, under the disclosed circumstances, which was admissible under the issues as made by the pleadings subsequent to the amendment, was admissible under the issues made by the allegations and denial of negligence and contributory negligence contained in the pleadings prior to the amendment."

With all due respect, I suggest that the opinion has missed the real point entirely, even as counsel's above quoted generality had done.

It is of course axiomatic that a court may, by permitting amendment of pleadings, eliminate mere variances between allegation and proof *within the issues as made,* for the sake of obviously called-for correction of errors when the evidence innocently turns out to be otherwise than expected. However, I challenge anyone to cite a well-considered authority sustaining on such a ground a radical change of the issues effected—as here—*after both parties have rested their case.* No such case has been cited either in the opinion or in the briefs here. I feel confident that there is none. To permit parties to do this would make of universally recognized principles of Colorado code pleading a hollow mockery.

For the reasons stated I think the judgment should be reversed and a new trial had in accordance with accepted rules of procedure. The granting of a new trial of course would permit the plaintiff to litigate freely and fully the "last clear chance" issue. This could thus be done without prejudice to either side and with a fairness to both which was impossible in the trial we are now reviewing. Because the majority of this court, on the contrary, affirms the judgment of the district court, as if fairness and justice had nevertheless been duly administered, I respectfully dissent.