No. 18,104.

GLENDENE DENNIS *v.* OSCAR JOHNSON.
(317 P. [2d] 890)

**Decided** November 4, 1957.    Rehearing denied November 25, 1957.

Mr. Myron H. Burnett, for plaintiff in error.

Mr. Rollie R. Rogers, Mr. Sheldon W. Greene, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error, defendant below, is in this court seeking reversal of a verdict and judgment in the sum of $5000 entered against him in the trial court. This was an action for damages for personal injuries, and we will refer to the parties as they appeared in the lower court or by name.

Oscar Johnson was the plaintiff and injured person. On the night of the accident complained of he was on foot and was struck by a car driven by defendant. Dennis. Counsel for Dennis enumerates many points on which he believes the trial court erred and contends that on any or all he is entitled to a reversal. He cites as error the refusal of the court to grant a directed verdict of dismissal in favor of the defendant at the close of the plaintiff's case; refusal of the court to grant a directed verdict of dismissal in favor of the defendant at the close of all of the evidence; refusal of the court to find that the plaintiff was guilty of contributory negligence as a matter of law; the erroneous action of the court in submitting to the jury the issue of "Last Clear Chance"; the giving of other alleged erroneous instructions, and the refusal to give tendered instructions based on defendant's theory of the case.

As we view the evidence, it was clearly the duty of the trial court to direct a verdict in favor of the defend-

ant at the completion of plaintiff's evidence on the ground of the sole negligence of the plaintiff as a matter of law. In so holding we need not comment on the other points raised with the exception of the submission by the court to the jury of the issue of "Last Clear Chance."

The plaintiff has no recollection of the accident. The evidence of plaintiff prior to the impact and from disinterested witnesses discloses the following factual situation:

Plaintiff Oscar Johnson had been in a tavern for approximately one hour and had consumed, by his own admission, four glasses of beer. He walked out into the night at approximately 7:30. It was dark and drizzling. He was on the south side of West Colfax, a wide, four-lane highway with a safety island in the center. It was his purpose to traverse the width of Colfax to get to the north side to catch a bus. He proceeded across the street in a diagonal manner in the middle of the block. He was 60 feet from the nearest crosswalk. At the next corner was a signal light where he could have crossed with safety. His own testimony is that he did not once look to his right from whence the defendant's car was coming at any time in the 65 feet that he traversed crossing West Colfax. In arriving at the point where he was struck, which was in the north or outside lane of West Colfax, he walked through a safety island, which is set off by two double yellow lines and is approximately 6 feet wide. He did not stop there to look for traffic coming from his right. The defendant Dennis was approaching in the outside lane, going in a westerly direction, at approximately 35 miles per hour in a zone which was posted for a speed of 45 miles per hour. The pavement was wet and some of the neon signs on the store fronts along Colfax Avenue caused a glare on the pavement. When Dennis' headlights, which were on the low beam and which shone out over 100 feet in front of the car, revealed the pedestrian Johnson, Dennis immediately applied his brakes. The car skidded in a straight

line on the wet pavement, and came to a stop in 72 feet. This figure given by the officer did not deduct the approximately 15-foot length of the defendant's car. As near as could be determined from the physical facts, the pedestrian was hit about 25 feet before the car came to a complete stop.

The foregoing summary of the facts reveals these significant points: 1. The defendant Dennis was not shown to have been in any manner driving negligently and carelessly. He was well under the posted speed limit, on a wide, four-lane highway, engineered for much more rapid movement of traffic. His lights were not shown to be defective, and, according to the testimony, revealed the plaintiff at what would be the normal distance for low beam headlights. Dennis brought his car to a complete stop within the distance in which his headlights would pick up and reveal an object. In contrast to this, the plaintiff Johnson was not walking in a careful or prudent manner. He was crossing one of the busiest highways in the state and was thoroughly familiar with it and with the traffic it carried. Johnson stated that there was no traffic coming from the side from which he started the crossing, i.e., no east-bound traffic, so he could safety traverse those two lanes. But, arriving at the safety island, where he could and should make observation of the west-bound traffic, and where he could safely stay until all traffic had cleared, he nevertheless, without heed to what was coming, continued to walk across the highway and into the path of the on-coming Dennis car. He not only showed a negligent disregard of the situation at hand but he violated the statute requiring pedestrians who are "jay-walking" to yield the right-of-way to automobiles. C.R.S. '53, 13-4-59. This violation of the statutes in this respect is negligence per se.

As to the duty of pedestrians to yield the right-of-way and to take some precautions for their own

safety, this court said in *Fabling v. Jones,* 108 Colo. 144, 114, P. (2d) 1100:

"Further, even if some degree of negligence could be attributed to the defendant driver, which, as we have said, we do not believe is warranted, plaintiff's conduct, viewed either as a violation of defendant's right-of-way under the ordinance *or as the act of one who deliberately steps from a place of safety into the path of danger without giving reasonable heed to the possible consequence of her act, unquestionably made her guilty of contributory negligence and precluded any right of recovery.*" (Emphasis supplied.)

We find a similar statement in 5 Am. Jur. 759, §451, as follows:

"A pedestrian upon stepping from the curb on a traveled street is bound to take notice of the condition of traffic and must not blindly step into a place of obvious danger."

In the case at bar the pedestrian did not step from the curb but from a safety island. Similarly, because there was no traffic approaching in the inside west-bound lane, that particular 15 feet of the roadway was also a zone of safety for the plaintiff. Under the facts here the accident was caused by the sole negligence of the plaintiff.

▮ The plaintiff in the trial was given the benefit of an instruction on "Last Clear Chance" to which he was not entitled. There was no negligence proven on the part of the defendant. Plaintiff was struck by the left front fender of defendant's car. Therefore, he was only one step into the path of the car when he was struck. Had he stopped at any time short of that last step, he would not have been hit. Therefore, at no time until the point of impact was plaintiff in inextricable peril. He walked into the harm to himself at almost the very moment of impact. One of the necessary elements in application of the "Last Clear Chance" Doctrine is that the plaintiff who has negligently placed himself in peril be unable to avoid harm to himself by the exercise of

reasonable vigilance and care. Colorado has adopted section 479 of the Restatement of the Law of Torts in *Independent Lumber Co. v. Leatherwood,* 102 Colo. 460, 79 P. (2d) 1052, and in *Judd v. Aragon,* 136 Colo. 260, 316 P. (2d) 250. A reading of that section of the Restatement will disclose that plaintiff must be subjected to the risk of harm from *"defendant's subsequent negligence"* and immediately preceding the harm must be "unable to avoid it by the exercise of reasonable vigilance and care." Thereafter the defendant, himself, must be negligent in failing to use the means at his disposal to avoid harm to plaintiff in his position of inextricable peril. Of course, no one of these elements was present in this case.

The judgment is reversed and the cause remanded with instructions to vacate the judgment and dismiss plaintiff's complaint.