Mr. Justice Day
 

 delivered the opinion of the Court.
 

 
 *261
 
 The parties are here as they appeared in the trial court. Plaintiff in error was plaintiff and defendant in error the defendant.
 

 Plaintiff on writ of error seeks reversal of a judgment entered after a jury in the district court found the issues in favor of the defendant, and denied recovery to the plaintiff.
 

 The point for reversal most strongly urged by plaintiff, and to which the argument in the brief was devoted almost exclusively, is the contention that the court erred in failing to submit to the jury, with proper instructions, the issue of “last clear chance.” We perceive no error on this point.
 

 As to whether the last clear chance doctrine was applicable in this case, the pertinent evidence is as follows: The defendant in a new automobile was attempting to “break it in” by adding mileage at a speed consistently at or below 40 miles per hour. He had been west as far as Idaho Springs and was returning to Denver in an easterly direction and was about a mile east of Golden when the accident occurred. It was 9:30 at night, dark and clear. He was proceeding at a speed of approximately 35 miles per hour in a zone posted at a prima facie safe speed of 45 miles per hour. The plaintiff, several minutes prior to the collision, had alighted from an east-bound bus. His presence in the middle of the highway is not explained. Defendant, when he was about 100 to 110 feet away from the impending collision with the plaintiff-pedestrian, noticed an object loom up from his left. He was not able to perceive whether it was a man or a woman. He immediately applied his- brakes, and the wheels locked and his car skidded in a straight line to a point where it struck the plaintiff. Plaintiff at all times had his back to defendant and apparently was not aware of the car. He was, from the record, in a heavily intoxicated condition. Over-all skid marks from defendant’s car were 72 feet, and, deducting the length of his automobile, were 65 feet. Prior to the application of
 
 *262
 
 brakes there was some unknown distance traveled by the car during the reaction time, i.e., the time that it takes the driver when perceiving the danger to remove his foot from the accelerator and to apply the brake. At the point of impact defendant’s car had come to an almost complete stop. Expert testimony was to the effect that the stopping distance would be consistent with a speed between 35 to 40 miles per hour. In an attempt to reconstruct the accident, the police investigation demonstrated that the car traveled about 6 feet after striking the pedestrian. With the foregoing evidence before it, the court ruled as a matter of law that the facts did not warrant the application of the last clear chance doctrine. We believe the conclusions of the court were correct.
 

 The elements which must be present in a factual situation to warrant submission of the last clear chance doctrine to a jury were set out in detail in
 
 Independent Lumber Co. v. Leatherwood,
 
 102 Colo. 460, 79 P. (2d) 1052. In that case this court adopted as the rule in Colorado section 479 of the Restatement of the Law of Torts. We reiterate the doctrine here:
 

 “§4*79. Defendant’s Last Clear Chance.
 

 “A plaintiff who has negligently subjected himself to a risk of harm from the defendant’s subsequent negligence may recover from the harm caused thereby if, immediately preceding the harm,
 

 “ (a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and “(b) the defendant
 

 “ (i) knows of the plaintiff’s situation and realizes the helpless peril involved therein; or
 

 “ (ii) knows of the plaintiff’s situation and has reason to realize the peril involved therein; or
 

 “(iii) would have discovered the plaintiff’s situation and thus had reason to realize the plaintiff’s helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and
 

 “(c) thereafter is negligent in failing to utilize with
 
 *263
 
 reasonable care and competence his then existing ability to avoid harming the plaintiff.”
 

 Applying the doctrine to the factual situation here, two important elements are lacking: 1. The defendant was not cognizant of the plaintiff or his inextricable peril
 
 in time to have avoided injury to the plaintiff,
 
 and 2. There is no evidence showing that the defendant was
 
 negligent
 
 in failing to use means available to him to avoid the collision.
 

 On the first point the evidence shows that defendant was driving on a country highway; that the night was dark; that the defendant’s headlights were on the low beam or on “dim” as required by law, and there is no showing that it was because of lack of ordinary care that defendant failed to see the plaintiff until he did — in fact all of the evidence leads conclusively to the conclusion that plaintiff could not be seen until the moment- that he was perceived in the headlights by the defendant. At that moment, defendant traveling at 51 feet per second, had only 2 seconds in which to act. Therefore, it appears that he did not have sufficient time in which to do any more than he did, namely apply his brakes. It is clear that defendant stopped within the distance his lower-beam headlights would reveal an object. Another way of stating the proposition is that the defendant did not have a
 
 clear
 
 chance to avoid the collision. On the contention of plaintiff’s counsel that he could have turned to the right or to the left, this, at most, is a matter of judgment, and on this point this court said in
 
 Ankeny v. Talbot,
 
 126 Colo. 313, 322, 250 P. (2d) 1019:
 

 “ * * * where the driver of an automobile suddenly realizes that he is placed in danger from the negligence of another, he cannot be charged with negligence for an error of judgment when instantaneous action is required. * * * ”
 

 See also:
 
 Lebsack v. Moore,
 
 65 Colo. 315, 177 Pac. 137;
 
 Leonard v. Bauer,
 
 112 Colo. 247, 149 P. (2d) 376.
 

 
 *264
 
 On the second point, in order for the plaintiff to recover from the defendant under the last clear chance doctrine, the defendant must have been negligent in failing to avail himself of the last chance. Therefore, we must ask the question:. What did this defendant do which an ordinarily prudent person would not have done, or what did he fail to do that an ordinarily prudent person would have done? The record indicates that he used the only means available to him in the 110 feet prior to the impact between him and the plaintiff. The physical facts show he was in his proper lane, with the right side of the car within 3 feet of the shoulder of the road; the skid marks were in a straight line; when he came to a complete stop- he was only 6 feet beyond the point where he had hit plaintiff, indicating that he almost succeeded in coming to a complete stop.
 

 The other points in the summary of argument have no merit and require no comment. In fact, counsel, after enumerating them, does not elaborate thereon in his brief.
 

 The judgment is affirmed.
 

 Mr. Chief Justice Moore, Mr. Justice Knauss and Mr. Justice Sutton concur.