No. 18,782.

Antoine J. Oliver *v.* Charles E. Robertson.

(352 P. [2d] 87)

Decided May 9, 1960.   Rehearing denied May 31, 1960.

Mr. Bruce Ownbey, Mr. Norman E. Struempler, for plaintiff in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendant in error.

*In Department.*

Per Curiam.

The parties are here in the same order in which they appeared in the trial court and will be referred to as they there appeared or by name.

The complaint alleged that on August 15, 1956, plaintiff was operating a motor vehicle on East 25th Avenue in Denver, at the intersection of Clarkson Street, and that defendant operated a motor vehicle in the same vicinity so negligently as to strike plaintiff's vehicle, causing plaintiff personal injuries and property damage.

Defendant answered alleging plaintiff's contributory negligence and other matters not involved here. In his reply plaintiff alleged that despite plaintiff's contributory negligence, if any, defendant "had a last clear chance" to avoid the collision.

After both parties had rested, the court directed a verdict for the defendant and entered judgment of dismissal. The plaintiff is here by writ of error seeking reversal.

The evidence revealed that about 4:50 a.m. on August 16, 1956, the plaintiff, Oliver, was driving his 1955 Oldsmobile about 20 miles per hour in an easterly direction on East 25th Avenue. Day was breaking but headlights were still needed.

As the plaintiff approached the intersection of East 25th Avenue and Clarkson Street, at a point about 18 feet from the westerly curb line, he saw the 1949 Chrysler being driven by the defendant, Robertson, approaching from his right, about 150 feet south of the intersection and proceeding in a northerly direction. Headlights were burning on both vehicles.

The plaintiff testified that he could have stopped be-

fore entering the intersection but, believing that he had time to pass before the defendant arrived, made no attempt to stop but proceeded into the intersection. He next saw defendant's car 15 or 20 feet away, and estimated that it was travelling at least 40 miles per hour. He then realized his danger and veered to the left into the north lane of East 25th Avenue in an effort to get out of defendant's way.

The front of the Robertson vehicle struck the right rear area of plaintiff's vehicle causing it to skid and spin to the left, striking a third vehicle parked on the north side of East 25th Avenue. It then rolled over on its top. The plaintiff was thrown from the car and suffered personal injuries as well as damage to his car. There were no tire marks indicating that either driver applied brakes prior to the impact. The speed limit on both of the streets involved was 25 miles per hour. There were no traffic controls at this intersection.

The only evidence the defendant presented was the pertinent traffic ordinances of the City and County of Denver relating to right of way at intersections.

■ On numerous occasions we have held that under these ordinances, the driver of a motor vehicle approaching an intersection is required to yield the right of way to a vehicle approaching from his right. *Aaron v. Wesebaum,* 114 Colo. 61, 162 P. (2d) 232, and cases cited therein.

Plaintiff admits that after he saw defendant's vehicle he could have stopped before entering the intersection but did not do so, and argues that he is not to be charged with negligence or contributory negligence for failure to anticipate that defendant might violate the speed regulations.

■ Even so, the rule works both ways — for the defendant as well as for the plaintiff. In failing to yield the right of way as required by the ordinance, plaintiff was guilty of negligence and is barred from recovery unless it appears that notwithstanding such negligence

the defendant had a last clear chance to avoid the collision. *Ankeny v. Talbot,* 126 Colo. 313, 250 P. (2d) 1019.

█ Plaintiff argues that a negligent plaintiff who has placed himself in a perilous position from which he cannot extricate himself in time to avoid an accident may recover from a negligent defendant who is aware of plaintiff's perilous position or who, by the exercise of reasonable care, caution, and vigilance, should have become aware of it, and thereafter by the exercise of reasonable care and caution, could have averted the accident but failed to do so. Such is the law. *Ankeny v. Talbot,* supra.

The record here, however, is silent as to what the defendant saw. Assuming that he was negligent in driving in excess of the speed limit, there is no proof that he had a last clear chance to avoid the accident.

In *Werner v. Schrader,* 127 Colo. 523, 258 P. (2) 766, it is said:

"The last clear chance rule is a two-edged sword, applicable equally to the rights of a defendant and those of a plaintiff. The burden is upon plaintiff to prove that he was in a place of danger; that defendant discovered the perilous situation; and that after discovery of plaintiff's danger, defendant could then have prevented the injury by the use of reasonable care."

The plaintiff failed to present any evidence to show that defendant had a last clear chance to avoid the collision.

We conclude that in failing to yield the right of way plaintiff was guilty of contributory negligence; that under the evidence the last-clear-chance doctrine has no application, and the trial court properly directed a verdict for defendant.

The judgment is affirmed.

Mr. Justice Knauss, Mr. Justice Hall and Mr. Justice Doyle concur.