Opinion by
Mr. Justice Moore.
Plaintiffs in error were plaintiffs in the trial court and defendants in error were defendants. We will refer to them as they there appeared.
The action was brought to recover damages allegedly sustained by plaintiffs, who are husband and wife, resulting from a two-car, right angle, intersection collision which occurred in the city of Boulder on the morning of March 8, 1960. The car belonging to plaintiffs was driven by Mrs. Burton in a northerly direction on 19th street and the car of defendants was traveling in a westerly direction on Walnut street. Each car was in its proper lane of traffic. Plaintiffs’ car was going ten to fifteen miles per hour, and that of defendants twenty-five to thirty miles per hour. The car of defendants had the right of way, plaintiffs’ car being controlled by a “Yield Right of Way” sign.
Mrs. Burton testified, inter alia:
“ * * * There was a ‘Yield Right-of-Way’ sign. I slowed down for the ‘Yield Right-of-Way’ sign, looked to the right, and looked to the left, and I had seen no car, nowhere, so I proceeded ahead, and then there was the impact.”
At the time she said she slowed down she stated she could see to her right “almost a block.” She didn’t see the defendants’ car “until it hit.”
The trial court refused to instruct the jury on the doctrine of last clear chance although such an instruction was requested by counsel for plaintiffs. The claim of plaintiffs, as set forth in their complaint based on that doctrine, was stricken. The remaining issues were sub *330 mitted to the jury and a verdict was returned in favor of defendants. Judgment entered on the verdict.
The single argument presented on behalf of plaintiffs on this writ of error is that the trial court erred in refusing to submit the question of whether defendants had a “last clear chance” to avoid the collision. Counsel for plaintiffs rely on two cases decided by this court as supporting their argument, namely: Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P. (2d) 1052; and Woods v. Siegrist, 112 Colo. 257, 149 P. (2d) 241.
We have carefully read the complete record in this case and have no hesitancy in saying that each of the above cited cases is clearly distinguishable upon the facts. In Anchor Casualty Company v. Denver and Rio Grande Western Railroad, 130 Colo. 548, 277 P. (2d) 523, it was said, inter alia:
“ * * * There must be more than a mere possibility of avoiding the accident; there must be a clear chance to do so. Before a case may be submitted to a jury with an instruction on last clear chance, there must be evidence in the record that defendant had a clear chance to avoid the collision.”
See also Oliver v. Robertson, 143 Colo. 58, 352 P. (2d) 87, and Ankeny v. Talbot, et al., 126 Colo. 313, 250 P. (2d) 1019.
We agree with the trial court that no such evidence was presented upon the trial of the instant case, and the judgment accordingly is affirmed.
Mr. Justice Frantz and Mr. Justice McWilliams concur.