No. 19,984

MARGARET E. FREELAND, ET AL., *v.* PAULINE FIFE, ET AL.

(377 P. [2d] 942)

Decided January 14, 1963.　　Rehearing denied February 4, 1963.

Messrs. TINSLEY, ALPERSTEIN & FRANTZ, for plaintiffs in error.

Messrs. YEGGE, HALL & SHULENBURG, Mr. CHARLES W. JOHNSON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THIS controversy originates in an auto-pedestrian accident which occurred at about 10:30 A.M. on July 6, 1959, in Colorado Springs at the intersection of Colorado and Cascade Avenues, Colorado Avenue running east and west and Cascade Avenue extending north and south. The pedestrian, Margaret Freeland, was in the act of crossing Colorado Avenue immediately west of its intersection with Cascade Avenue. In other words, she was proceeding from the southwest corner of the intersection to the northwest corner thereof. The motorist, Pauline Fife, driving a car owned by Lora Carpenter, was proceeding easterly on Colorado Avenue approaching its intersection with Cascade Avenue. There were two lanes of eastbound traffic on Colorado Avenue, and Fife was driving in the inside lane, i.e. the lane nearer the center line of Colorado Avenue. As she

neared the intersection the traffic signal light which controlled the intersection was red for her, and she testified that she accordingly brought her car to a stop a few feet west of the crosswalk area, hers being the lead car in her particular lane of travel. There was also a car, immediately to her right, headed in the same direction. When the traffic light turned green for Fife, she testified that she looked and then started to move slowly forward, intending to make a left turn. Suddenly she noticed that Mrs. Freeland "jumped in front" of her vehicle, and though she applied her brakes, she was unable to avoid "brushing" Freeland.

Mrs. Freeland testified that when she stepped off the curb to walk across the intersection she had a green light, but added that when she had proceeded only a short distance, perhaps about one quarter of the distance across the intersection, the light apparently turned red against her. In any event, Mrs. Freeland noted that eastbound traffic on Colorado Avenue began to move, and believing it was too late to safely retreat to the southwest corner of the intersection, she admitted that she *ran* forward in a northerly direction, hoping to find sanctuary in a safety zone located in the middle of Colorado Avenue. While doing so she ran in front of the Fife-driven vehicle and was "hit" and knocked to the pavement.

Based on this occurrence Mrs. Freeland sued Fife and Carpenter, alleging that Fife was Carpenter's agent, that Fife was negligent, and that she (Freeland) suffered resultant damage. Mr. Freeland joined in the complaint, alleging that he also suffered grievous damage in that he was deprived of his wife's services, affection, society and companionship. Collectively, they sought $15,000.

By answer Fife and Carpenter admitted the occurrence, denied negligence or resultant damage, and affirmatively pled that Mrs. Freeland was contributorily negligent. Parenthetically, it is noted that though the

principal-agent relationship was denied in the answer, it was in effect admitted upon trial, and is not an issue here.

. Upon trial a jury returned a verdict in favor of the defendants, Fife and Carpenter, and by writ of error the Freelands seek reversal of the judgment entered thereon.

The Freelands contend that the trial court committed error in numerous particulars, some relating to the issue of liability, and others to the issue of damages. Let us first examine the former grouping.

Pertaining to the general issue of liability, Freelands contend that the trial court erred as follows:

1. The verdict was contrary to the evidence in that it was conclusively shown that Fife's negligence was the sole cause of injury to Mrs. Freeland.

2. In refusing to give Freelands' tendered instruction number 3, which instruction embodied C.R.S. '53, 13-4-11 and 13 pertaining to traffic control signal legend;

3. Refusal to give an instruction on last clear chance; and

4. Refusal to receive in evidence plaintiffs' exhibit B, a written report made by a police officer containing his recordation of the statements made to him by Freeland and Fife.

In *Lasnetske v. Parres,* 148 Colo. 71, 365 P. (2d) 250, it is stated that the issues of negligence, contributory negligence, and proximate cause are generally matters to be resolved by the trier of the facts, and that it is only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them that such matters pose questions of law properly to be decided by the court. The instant case falls into the former category and under the circumstances disclosing that Freeland, at the moment of impact, was admittedly running through the intersection, clearly presented issues properly to be resolved by the jury, and not by the court. Upon trial the Freelands did not move for a directed verdict in their favor on the

issue of liability, apparently believing that such was a matter properly to be resolved by the jury. Suffice it to say, the verdict is not contrary to the evidence.

■ For reasons not disclosed by the record, the Freelands insisted that the trial court give an instruction embodying the state statute pertaining to the traffic control signal legend, instead of one setting forth the applicable municipal ordinance of Colorado Springs, a home rule city. They contend that the rationale of *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614; and *Davis v. Denver,* 140 Colo. 30, 342 P. (2d) 674, require the use of the statute rather than the ordinance. This contention is without merit and the trial court did not err in refusing to give the tendered instruction. In *Davis v. Henry,* 95 Colo. 582, 38 P. (2d) 895, it was held that the regulation of traffic at street intersections in a home rule city is a matter of local concern. To like effect, see *Retallick v. Colorado Springs,* 142 Colo. 214, 351 P. (2d) 884.

■ Nor did the court err in refusing to instruct on the doctrine of last clear chance. The Freelands did not originally plead last clear chance, nor did they subsequently seek to amend their pleadings so as to include it. Of even more importance is the fact that the evidence adduced at trial did not justify any such amendment. As a matter of law under the circumstances Fife did not have either a "last" or a "clear" chance to avoid striking Mrs. Freeland. Having neither pled nor proved a last clear chance situation, the trial court was quite correct in refusing to instruct relative thereto. See *Barnes v. Wright,* 123 Colo. 462, 231 P. (2d) 794 and *Judd v. Aragon,* 136 Colo. 260, 316 P. (2d) 250.

■ As to the refusal of the trial court to receive in evidence plaintiffs' exhibit B, Freelands called as their witness one Davis, a Colorado Springs police officer, who without objection was permitted to testify as to everything related to him by both Mrs. Freeland and

Mrs. Fife concerning the accident. In so doing Davis made use of the exhibit to refresh his recollection. Later in the trial the Freelands recalled Davis and then sought to introduce in evidence the document itself. This the trial court refused to do, giving several valid reasons for so ruling. One stated reason was the fact that the officer making use of the document to refresh his recollection had already verbally advised the jury of everything related to him by the parties. Viewed in this context, there was no error in refusing to receive in evidence the document itself.

Having determined that there was no reversible error committed in connection with the issue of liability, the alleged errors pertaining to the issue of damages are under the circumstances of this case of no import and no comment relative thereto is apropos.

Prior to trial Freelands served upon counsel for Fife notice of their intent to take Fife's deposition in Denver. By affidavit, counsel for Fife stated that he immediately thereafter notified counsel for the Freelands that Fife, a resident of Texas, either could not or would not appear in Denver for her deposition, but would be available for the taking of her deposition in Colorado Springs. In any event, Fife did not appear in Denver for her deposition and the Freelands then moved to strike Fife's answer and enter a default judgment under Rule 37 (d) R.C.P. Colo. Rule 37 (d) provides, in part, that where a party "wilfully fails" to appear for his deposition the court "may" enter a default judgment. The trial court, after full hearing, denied the motion and in so ruling we find no abuse of discretion.

Finally, it is urged that counsel for Fife and Carpenter was guilty of highly improper argument to the jury. The Freelands made no timely objection to such argument and accordingly error cannot now be predicated thereon. Regardless of this procedural defect, the argument, though possibly not paragonic, is still not of such a nature as to necessitate a second trial.

The remaining assignments of error have been carefully considered, but are found to be without merit, and no good purpose would be served by detailing them.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.